Beland et al. vs. Gebelin et al.

## No. 11,474.

### BELAND AND JOHNSON VS. GEBELIN AND DUGGAN.

1. Before the court sustains an exception filed by a defendant his legal interest to take the particular exception must appear.

2. Plaintiff in bringing a petitory action is not necessarily forced to cumulate therewith an action of nullity to set aside judicial proceedings in which apparently his title in the property has been divested. He has at his risk the right to allege such proceedings to be absolute nullities and to go to trial on that issue.

APPEAL from the Fifteenth District Court, Parish of East Baton Rouge. *Buckner, J.*

*Cross & Cross* Attorneys for Plaintiffs and Appellants:

1. The rule that the decree protects the purchaser is subject to two conditions: (1) That the court is competent, in the subject matter, to render the decree. 14 L. 273; 13 An. 476; 25 An. 154; 2 L. 328; 11 L. 156; 20 An. 233; 29 An. 523; 30 An. 139, 727; 23 An. 310; 30 An. 482, 1111; 40 An. 571; James vs. Meyer, 41 An. 1100. (2) The purchaser must be an innocent third party. (11 An. 3; 14 An. 622; 34 An. 293, 1017); and a deputy sheriff can not claim this position. 8 N. S. 165; 6 L. 407; 9 L. 44; 15 L. 398, 4. R. 205.

2. A judgment in attachment suit, without citation, or actual seizure of property, is absolutely null, and can be collaterally attacked. 4 An. 187; 6 An. 551; 7 An. 669; 15 An. 709; 33 An. 615; 1 N. S. 9; 6 L. 377; 11 R. 121; 6 An. 265; 2 An. 492; 6 R. 205; 2 An. 569, 503; 13 An. 481; 20 An. 76; 21 An. 27; 24 An. 253; 26 An. 730, 735; 23 An. 421. So, a sale by the Federal marshal can be attacked in a State court. 31 An. 746.

3. A sale of property under administration under a *fi. fa.* is an absolute nullity. 13 An. 476; 25 An. 154.

4. A return showing an adjudication by a defunct sheriff is void. In such case it is the duty of the acting sheriff to execute the deed. C. P. 691-2. Voorhies Revised Laws, Sec. 3436.

5. On a trial of an exception the facts of the petition must be taken as true. (9 An. 265; 10 An. 586); for allegations not denied are presumed true. 11 An. 516; 14 An. 137; 18 An. 161; 20 An. 430; 31 An. 433.

Beland et al. vs. Gebelin et al.

*J. A. Addison* Attorney for Defendants and Appellees:

1. A sale of real property belonging to a succession, under a decree of a competent court, will not be held to be an absolute nullity on account of irregularities in the mortuary proceedings which lead to the granting of the order. In such a case the claimant under adverse title must cause the sale to be annulled by direct action. 23 An. 331.
2. The title acquired at a judicial sale is presumed to be valid until the contrary is shown in a direct action to revoke and annul, contradictorily with all parties in interest. 29 An. 116.
3. Sales directed or authorized by the courts of probate are judicial sales to al legal intents and purposes (13 La. 433) and purchasers thereat are not bound to look beyond the decree. 10 R. 396; 138 U. S. 456; 44 An. 421. He must look only to the jurisdiction of the court. Art. 109, Constitution 1879.
4. No relative nullities in the title of either plaintiff or defendant can be inquired into, even though there have been fraud. Hen. Dig. 1114, No. 2.

---

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiffs aver that they are the sole heirs of their father and mother, Jean Marie Lancelot and his wife. That their father's succession was opened in East Baton Rouge and a certain piece of real estate described in their petition was inventoried as community property. That John O'Connor, in his capacity as public administrator, took possession of said property on June 17, 1871, and rendered his final account, which was homologated December 31, 1873. That in the decree homologating the account the parish judge ordered the property to be sold to pay debts and effect a partition, but that this sale was arrested by a decree of court affirmed on appeal June 29, 1878, on the petition of C. D. Favrot, tutor of plaintiffs, who were then minors. That on March 31, 1884, said John O'Connor, *ex parte*, procured an order to sell property to pay debts, and an undivided half interest in said property was adjudicated to Joseph Gebelin, but said sale was an absolute nullity for the following reasons:

1. The court was without jurisdiction to render the order. The public administrator was *functus officio* and his office abolished. In this matter his final account had been homologated and he was specially enjoined and prohibited from selling said property by a decree still in force.

2. The sale was an absolute nullity, because it purported to sell the undivided half interest belonging to the father to pay community debts.

3. That all the debts as set forth in the account of 1873 were presumably paid and prescribed, and by inspection the purchaser could see said order was *ultra vires*.

4. That petitioners having been represented by a tutor were necessary parties to any proceedings to sell.

5. That Joseph Gebelin was deputy sheriff and could not validly purchase property sold by the sheriff.

That about the time of this sale there turned up among waste papers in the sheriff's office a pretended sale by the sheriff of the other undivided half interest in said property to B. Feibelman, made in execution of judgment in Feibelman vs. Lancelot, No. 682, parish court, and by *mesne* conveyances the said half interest has been transferred to Joseph Gebelin.

That said sale was never treated or intended to be a serious sale. The judgment in Feibelman vs. Lancelot, which was under attachment proceedings, was an absolute nullity. There was no citation and the property was never actually in the possession of the sheriff, but remained continuously in the possession of John O'Connor till March, 1884. That said sheriff's sale was nothing but a *projêt* and not an executed title. It was never recorded before 1884, when B. Feibelman sold his litigious claim without warranty to John H. Lamon for $50, which was a nullity, as said Lamon was an attorney, practising in said court. That said property is worth $3000 and the annual revenue $250. That Joseph Gebelin is the ostensible owner of said property, but Timothy Duggan, of said parish, is in possession, and plaintiffs are informed and believe has a title to said property either for his own benefit or for the benefit of said John O'Connor. That said Duggan is the confidential friend of said O'Connor and has been acquainted with all the facts and circumstances connected with the illegal divestiture of plaintiffs' title from the beginning.

Plaintiffs prayed for a citation upon Gebelin and Duggan, and for judgment recognizing them as owners of the property, and for a writ of possession putting them in possession thereof. They further prayed for judgment against Gebelin and Duggan *in solido*, at the rate of $250 per annum, from March, 1884, till the trial of this suit, reserving to them the right to sue for revenues from the trial of the suit until final delivery.

Timothy Duggan *in limine* filed a peremptory exception to plaintiff's petition on the following grounds:

1. That in the suit of Feibelman vs. Lancelot, No. 682, Parish Court of East Baton Rouge, filed May 18, 1872, execution was issued and Feibelman, the plaintiff therein, became the purchaser of the

undivided one-half of the two lots of ground described in plaintiff's petition.

2. That said Feibelman sold his interest in said lots to J. H. Lamon on the 20th day of July, 1880.

3. The said J. H. Lamon was recognized as and decreed to be the owner of said property so purchased by him in suit of J. H. Lamon vs. John O'Connor, Administrator, No. 608, Seventeenth District Court for East Baton Rouge, filed March 20, 1884, and subsequently sold his interest in said lots to Charles McVea.

4. Joe Gebelin became the purchaser of the other undivided one-half of the said two lots at the public sale made in the matter of the succession of J. M. Lancelot, deceased, which sale was ordered by a court of competent jurisdiction, and the purchaser is not required to look beyond the jurisdiction of the court.

5. Charles McVea instituted suit against Gebelin for partition of said two lots (No. 702, Seventeenth District Court for the parish of East Baton Rouge), which partition was decreed to be by public sale, and thereat Gebelin became the *bona fide* purchaser of both lots for a valuable consideration.

Neither one nor all of the above and foregoing sales and solemn adjudications can be attacked collaterally, but plaintiffs must institute a direct action to revoke and annul them and make proper parties thereto. He prayed that the peremptory excep ion be maintained and that plaintiffs' suit be dismissed.

This exception having been fixed for hearing, on the hearing thereof exceptor offered in support of the same the records of the various proceedings referred to in his pleadings.

To the introduction of this evidence as it was offered, plaintiffs' counsel objected on the ground that, viewed as an exception, the same should go to trial admitting all the facts set forth in plaintiffs' petition to be true, but that said so-called exception is really an answer, and the object of introducing said testimony is to covertly set up issues *en pais* collaterally, thus trying the case piecemeal, confusing the issues involved in the case.

The court overruled the objection and admitted the evidence, the objection to go to the effect. To this action of the court plaintiffs excepted.

The court finally acted upon the exception, maintained it and dismissed the suit. Plaintiffs have appealed.

It is true plaintiffs made Timothy Duggan a party as being in possession of the property, but they allege that the title stood in the name of Gebelin and the exception filed shows such to be the fact. Plaintiffs' allegations as to Duggan were merely tentative; they did not allege absolutely and positively that he had or claimed any interest in the property, and merely called him into court to the end that he might either disclaim or announce his *actual* interest and position. At the time he filed his exception he had done neither; *non constat* that he has really any interest at all in the matter, any concern in the titles or even in the possession.

Under that condition of affairs the District Court, at his instance, dismissed plaintiffs' suit not only as to Duggan but as to Gebelin In this action it was clearly wrong. Duggan had in no manner claimed to represent Gebelin. Possibly the only exception he was entitled to have filed even so far as concerned himself was that he should be dismissed from the suit as having no legal connection with the issues involved. In the manner and form in which he had been made a party he might, as matters stood, have filed exceptions looking to his own discharge from the suit, but not tending to throw plaintiffs out of court.

Assuming, however, that Duggan had shown such connection with the issues as to entitle him to raise the particular question involved in the exception, we are of the opinion that the evidence offered should have been excluded and the rights of parties should have been tested on the face of the papers. There is no doubt as to the legal necessity under certain circumstances of bringing direct actions to annul judicial proceedings and decrees, contradictorily with the parties legally interested in maintaining them, as conditions precedent to relief asked, but the necessity for such direct action is contingent upon the issues which the plaintiff tenders. In a petitory action brought under ordinary conditions the only parties necessary originally to the action are the plaintiff claiming ownership of property and a defendant in possession of the same. If the defendant deems it to his interest that his vendor, his lessor or other parties be brought into the proceedings it is for him to take steps leading to that end. The plaintiff in this case has not cumulated with the petitory action proper, actions of nullity against the various proceedings alluded to in the pleadings and made parties accordingly, for the reason that the theory of his case is that all those proceedings are ab-

solute nullities, needing no judicial action to set them aside; that they are void, not voidable. The allegations of the petition are to that effect. If the plaintiffs think proper to go into this case on that basis on the strength of the correctness of their legal conclusions on that subject they have, AT THEIR OWN RISK, the right to do so. Should it turn out on inquiry that the proceedings alluded to were not void as claimed, but simply voidable, and the case should be before the court without proper parties and the proper prayer, plaintiffs will take nothing by their action. Defendant can not *in limine* and on exception introduce evidence and have the court pass upon the character of the proceedings which plaintiffs assume to be and characterize as absolute nullities. That will be one of the issues on the merits.

For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed; and it is now ordered and decreed that the case be reinstated in the District Court, to which it is hereby remanded for further proceedings according to law.