(42 South. 500.)

No. 15,984.

BANKSTON et al. v. OWL BAYOU CYPRESS CO. et al.

(Dec. 10, 1906.)

1. VENDOR AND PURCHASER—RESOLUTION OF SALE.

To succeed in an action for a resolution of a sale of real estate for nonpayment of the price, the situation must be such that judgment in the action will bring about a restitutio in integrum; otherwise, the demand should be rejected.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 178.]

2. SAME—PARTIES.

Where a married man sells community property during his marriage, and his children, after his death, seek to dissolve the sale for nonpayment of the price, the widow in community is a necessary party to such a demand. If she has by her actions and admissions estopped herself from seeking to dissolve the sale, the whole action falls.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 178.]

3. SAME — ANSWER — RELIEF AGAINST CODEFENDANT.

Where the widow in community is made a codefendant by the plaintiffs in a suit to dissolve the sale, she cannot, by her answer in the case, inject into the case a new cause of action against her codefendants.

4. HUSBAND AND WIFE — COMMUNITY PROPERTY—RELIEF OF SURVIVOR.

The widow in community cannot set up that she has acted in error or been defrauded to the prejudice of third parties, who in good faith have acted on the strength of her actions and declarations. She cannot repudiate the actions and allegations of the counsel employed by her, unless she does so under oath.

5. PETITORY ACTION — ACTION OF NULLITY — COLLATERAL ATTACK.

Plaintiff, in bringing a petitory action, is not necessarily forced to cumulate therewith an action of nullity to set aside judicial proceedings in which apparently his title to the property has been divested. He has the right at his own risk to allege such proceedings to be absolute nullities and to go to trial on that issue; but, if the proceedings are not void, he is thrown back upon his original remedies. In the present instance, prior proceedings are utterly ignored. They were not void, and stand until set aside by a direct action. They could not be collaterally attacked in the petitory action. Graham v. Hester, 15 La. Ann. 148.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Real Actions, § 21.]

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Clay Elliott, Judge.

Action by Lillian Bankston and others against the Owl Bayou Cypress Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Guy Joseph Ray and Stephen Dudley Ellis, for appellants. Saunders & Gurley and Reid, Purser & Reid, for appellee Owl

Bayou Cypress Co. Alfred Wood Spiller, for appellees Davis and Atkins. Robert Stephen Ellis, for appellee Moffett.

### Statement of the Case.

NICHOLLS, J. The plaintiffs are the children of L. W. Strader (now deceased) and his wife, Ida K. Strader, now the wife of T. A. Moffett.

They are both minors, but the plaintiff Lillian Bankston is married, and her husband joins in the suit to authorize and assist his wife. The other minor joins in the suit through his undertutor. The defendants are W. H. Athens and F. F. Davis, absentees, represented by an attorney ad hoc, and the Owl Bayou Cypress Company. The plaintiffs have made their mother, Mrs. Moffett, who is their tutrix, a codefendant in the suit, alleging that she has an interest in the subject-matter involved in the litigation, and that that interest is in conflict with their own.

They allege: That their father (who died in February, 1893) under date of December 2, 1892, sold to W. J. Athens Lumber Company, a commercial copartnership composed of himself, W. J. Athens, and F. F. Davis, a certain tract of land in the parish of Tangipahoa, which they described. That their father being himself one of the members of the said W. J. Athens Lumber Company, could not and did not sell at said date but two-thirds of said above described lands, for he could not sell to himself; and that at the time of his death he still owned in full and legal ownership the remaining one-third thereof.

That all the above-described property, alleged to have been sold by their said father to the W. J. Athens Lumber Company, was acquired by him during the existence of the marriage between himself and Mrs. Ida K. Keifner, his wife and mother of your petitioners, and that your petitioners, as his legal heirs and descendants, inherited from him

in their own right one-half of said one-third, or one-sixth, interest in the 945 acres, and that their said mother, Mrs. Ida K. Keifner, widow of the said Leonard W. Strader, and wife by second marriage of T. A. Moffett, owns the other one-sixth interest therein; she being in community with their father.

That they have never disposed of their said interest, but are still the true and lawful owners thereof in common and in indivision with their mother and the Owl Bayou Cypress Company, a corporation, which is in possession of all of said land first described, without any right or title to the portion thereof that belongs to petitioners.

That the sale from L. W. Strader to said W. J. Athens Lumber Company, under date of November 2, 1892, was made for a consideration of $5,000, $2,500 of which amount was paid in cash, and the balance of said purchase price was evidenced by two promissory notes, for the sum of $1,250 each, payable one and two years after date, with interest at the rate of 8 per cent. per annum from date until paid, and for payment whereof were secured by a mortgage and vendor's lien and privilege upon the property sold. That the mortgage notes given as above said to secure the balance or credit portion of the purchase price of said sale have never been paid, and that the same were not due at the time L. W. Strader died. That the said notes are now lost, and petitioners and their tutrix have never had possession thereof, but that the balance of said purchase price, as above said, and as evidenced by said notes, had never been paid, and the same was still due and owing. That the act of sale and mortgage, as above said, was recorded in the conveyance and mortgage records of Tangipahoa, shortly after same was passed, and before any subsequent sale or other disposition of the property described therein was made, and that same has ever since been recorded in the said mortgage records, and had never been canceled nor erased therefrom. That

the said sale from Leonard W. Strader to the said W. J. Athens Lumber Company of the land therein described should be rescinded and set aside on account of the nonpayment of the purchase price thereof.

That the Owl Bayou Cypress Company is in possession of said land illegally and unlawfully, without any regard of the right of petitioners thereto; and that petitioners offered back the said Owl Bayou Cypress Company so much of the purchase price as had been paid on said land by the said W. J. Athens Lumber Company in proportion to their inheritable interests therein, and in proportion to the two-thirds of the whole 945 acres which was transferred by said sale, for the reason as herein set forth. That the said Owl Bayou Cypress Company did not accept their said offer, notwithstanding that they have waited a sufficient time for it to have done so. That they have received one letter from said company, which they annex hereto, together with their letter making it the offer.

That W. J. Athens and F. F. Davis, the two other members of the W. J. Athens Lumber Company, to which said L. W. Strader made sale of the land as herein set forth, are absent from this state and their whereabouts are unknown to petitioners, and that an attorney ad hoc should be appointed by the court to represent them in the suit.

And that their mother, Mrs. Ida K. Keifner, widow of said L. W. Strader and wife of T. A. Moffett, who is tutrix to Walter Conrad Strader, minor, on account of conflicting interests, cannot appear for him, and she should be cited as defendant; the undertutor therein appearing on behalf of said minor. That T. A. Moffett, husband of Mrs. Ida K. Moffett, is absent, and his whereabouts are unknown to petitioners, and that he has been absent from this parish for about five years, and they firmly believe he is absent from the state, and that said Mrs. Ida K.

Moffett should be authorized to defend this suit alone.

In view of the premises they·pray that an attorney ad hoc be appointed to represent W. J. Athens and F. F. Davis for the purpose of the suit, and that W. J. Athens and F. F. Davis be cited to appear and answer this petition through said attorney ad hoc, and that the said Owl Bayou Cypress Company be cited to appear and answer this petition and demand, and that Mrs. Ida K. Moffett, wife of T. A Moffett, be authorized by the court to defend this suit alone, on account of the absence of her husband, and that she be also cited to appear and answer this petition, and that after due and legal proceedings had thereon they pray· they have judgment in their favor against said W. J. Athens and F. F. Davis and the Owl Bayou Cypress Company and Mrs. Ida K. Moffett, rescinding the sale from Leonard W. Strader to the W. J. Athens Lumber Company under the date of November 2, 1892, and that they be declared the rightful and legal owners of one-third of the two-thirds of the land 'described in the act of sale which was transferred to the W. J. Athens Lumber Company and F. F. Davis under said sale on account of the nonpayment of the purchase price thereof, and that there be judgment in their favor and against said Owl Bayou Cypress Company, decreeing them the true and lawful owners of one-half of one-third of the same land as is described in said act of sale from L. W. Strader to W. J. Athens Lumber Company, or one-sixth of all said land described therein, being the interest inherited from their said father, Leonard W. Strader, and they pray for general and equitable relief in the premises.

The Owl Bayou Cypress Company answered, pleading, first, the general issue. It then admitted it was in possession of the property described in the petition by valid and legal title, which it set up, tracing the title back to the plaintiff further, and to them-

selves, and to their mother, the widow of L. W. Strader; that they and their authors had been in physical possession of the property from the date of the respective transfers to them; and it pleaded the prescription of five and ten years.

The defendants W. J. Athens and F. F. Davis, through their attorney ad hoc, pleaded a general denial.

Mrs. Moffett answered. She admitted all the allegations of the plaintiffs. She averred that, if she ever signed any act of sale or disposed of any of said property, it was alone, in ignorance of her rights, and upon the advice of the attorney employed upon suggestion of said W. J. Athens to settle the succession of her said husband, L. W. Strader, and whom she afterwards learned was the regular attorney for W. J. Athens; that said act was signed in error both of law and of fact, and should be declared null and void and of no effect, having been obtained through fraud.

In view of the premises she prayed for judgment in her favor, decreeing her to be the owner as widow in community of the amount of said property due her under the law, being one-half of same, and for all costs and general relief.

The district court rendered judgment in favor of the Owl Bayou Cypress Company, and against the plaintiffs, and against Mrs. Moffett, the widow of L. W. Strader, rejecting their demands, and recognizing and decreeing the Owl Bayou Cypress Company to be the owner of the property described in the petition and claimed by the plaintiffs and their mother, and decreeing that plaintiffs and their mother pay the costs.

Plaintiffs appealed.

The evidence shows that on the 18th of April, 1893, Mrs. Ida K. Keifner, widow of L. W. Strader, filed in her capacity as natural tutrix of the plaintiffs in this suit, issue of her marriage with L. W. Strader, a petition in which she alleged that in the in-

ventory filed in his succession there appeared shares of the capital stock of the W. J. Athens Lumber Company, a corporation which was conducting a mercantile business; that in the ordinary course of business they were liable to losses, and that the value of the stock might be depreciated; that it was advisable that it should be sold; that it was to the advantage of the minors that it be sold at private sale, rather than at auction; that a family meeting was necessary to consider and advise upon the facts as set out in her petition, and to fix the amount at which said stock should be sold; that on the 2d of November, 1892, her husband, by notarial act before Settoon, notary public, had sold to W. J. Athens Lumber Company, a commercial firm composed of W. J. Athens, F. F. Davis, and her husband, certain property, which is involved (the same property which is involved in this litigation); that at the organization of the W. J. Athens Lumber Company her said husband agreed in writing to transfer to said corporation, in payment of the stock which was issued to him, all his interest in and to said land as a member of said firm and also as a holder of the mortgage notes for the unpaid balance of the purchase price; that owing to his death, which was sudden and unexpected, her husband was unable to affix his signature to the contemplated transfer to the W. J. Athens Company; and that she was in duty and equity bound to make same, said stock having been issued to her in payment thereof.

In view of the premises she prayed that a family meeting be held before Gurley, notary, to consider the advisability of disposing of the said stock and, suggesting the price to be paid for the same and the terms of said payment, and, further, that the family meeting consider the advisability of her signing the necessary act to make to the said W. J. Athens Lumber Company, Limited, a legal and valid title to the lands described.

On reading this petition the district court

issued an order directing the holding of a family meeting on April 21, 1893, for the purposes prayed for. On the 21st of April, 1893, the family meeting so ordered was held before Gurley, notary, to which was submitted the petition of the tutrix praying that the said family meeting authorize and empower her to sign an act of sale, thereby giving good and authentic title to the said W. J. Athens Lumber Company, Limited, to said tract of land, which her husband had agreed to sell to said company (describing the land), and the court's order thereon.

The family meeting recommended and advised that Mrs. Strader be authorized and empowered to sell the 150 shares of the capital stock of the said W. J. Athens Lumber Company for the price and sum of $10,000 cash on certain terms which they fixed, and that Mrs. Strader be authorized and empowered to sign any and all papers necessary to convey a legal title to the property to the Athens Company, Limited. The undertutor of the minors was present at said family meeting and approved and ratified their conclusions.

On the 26th of April, 1893, Mrs. Strader, as administratrix of her minor children, filed a petition, to which she annexed a certified copy of the proceedings of the family meeting and reciting the same, praying that the deliberations thereof be approved and homologated, and that she be authorized to make a sale of the stock and sign such deeds as might be necessary to effect a title to the W. J. Athens Lumber Company, Limited, to the property described.

On reading this petition, the district court approved and homologated the proceedings and deliberations of the family meeting and authorized the petitioner to sell the stock inventoried for the sum of $10,000, payable as recommended by the family meeting, and further authorized her to sign such deeds as might be necessary to perfect a title to the W. J. Athens Lumber Company, Limited, to the property described.

On the 28th of June, 1893, Mrs. Ida Keifner, widow of L. W. Strader, acting in her capacity as natural tutrix of her said minor children, appeared before Morgan Gurley, notary public, and, reciting de novo the allegations of her petition to the district court praying for a family meeting, the convoking of a family meeting, the deliberations and conclusions thereof, the approval and homologation thereof by the court, and the powers and authorization conferred upon her, transferred to the W. J. Athens Lumber Company, Limited, all of L. W. Strader's interest in and to the property described, as a member of the firm of W. J. Athens & Co., and also as a holder of the mortgage notes for the unpaid portion of the price.

The only witness offered on the trial of plaintiff was their mother and tutrix, who swore that she had never seen the mortgage notes given in part payment of the property. This testimony, and the fact that the mortgage securing the payment of the notes had not been canceled, was the only basis upon which plaintiffs sought to establish their claim that the notes were not paid. After the plaintiffs rested, the defendant offered the various acts of transfer on which it relied as establishing its ownership of the land, including the proceedings taken in the matter of the succession of L. W. Strader. These offers were objected to by the plaintiffs on grounds attacking the legality and effect of the succession proceedings. The objections were overruled; the court holding that plaintiffs could not collaterally attack them.

## Opinion.

We first direct our attention to the attempt on the part of the plaintiffs to set aside and have dissolved, under the resolutory condition, the sale made by L. W. Strader to the commercial partnership of W. J. Athens & Co., on the ground that the

notes representing the credit portion of the price had not been paid. The property which had been sold was community property, alienated during the marriage by the husband. The wife had an individual interest in it, which became fully vested at the husband's death. For the accomplishment of the dissolution of a sale upon the resolutory condition, the situation must be such as to bring about a restitutio in integrum. That condition is not found in this case. The action taken by the widow in community, and the admissions of fact made by her in the course of the succession proceedings, estop her from seeking to contest the title of the Athens Company, Limited, to the property, especially when rights of third parties have accrued based upon her conduct and her admissions. She sought on the trial to break the force of what she had said and done by alleging fraud and error, but we think the court correctly refused to permit her to do so. Defendants' contention, that a defendant cannot introduce in answer to a suit by a plaintiff a new and separate cause of action in her own behalf against a codefendant by way of an answer, was, we think, well taken; but there were several additional grounds why she should not have been allowed to do so. She had not, in her answer, attempted by oath to attack the acts of the counsel whom she had employed; nor can she, as we have said, urge fraud or error to the prejudice of third parties, who have based their action on the faith of the record which she had herself constructed.

We should say incidentally that there is not a word in the record which would warrant her in making the allegations she did of error or fraud. The widow in community is a necessary party plaintiff in an action upon the resolutory condition resulting from a sale of community property by the husband during the marriage. Bryant v. Stothart, 46 La. Ann. 485, 15 South. 76; Ragsdale v. Ragsdale, 105 La. Ann. 407, 29 South. 906;

Barrow v. Penick, 110 La. Ann. 574, 34 South. 691.

Independently of the difficulty which plaintiffs meet in obtaining relief from the foregoing objections, there are others standing in the way.

When the defense opened their case by offering the proceedings which took place in the succession of plaintiffs' father, the plaintiffs sought to assail their full effect and legality; but by reason of the objections raised by the defendants they were prevented from doing so. The proceedings, when introduced, disclosed that the father of plaintiff had been divested of all the interest which he had in the property in litigation, and all "interest" which he had in the notes which the partnership had executed in his favor representing the credit portion of the price of the property, by the transfer to him, in lieu thereof, of 150 shares of the capital stock of the Athens Lumber Company, Limited, into which the Athens & Co. partnership, with its property, was evidently transformed by consent of all the members of the partnership.

The minors were represented in these proceedings by their tutrix and undertutor. Their interests were additionally safeguarded by the action of the family meeting convoked according to law, whose deliberations were approved and homologated by the court. It cannot be claimed that they were absolutely null and void. They had, therefore, to stand until attacked and set aside by proper pleadings in a direct action. They could not be collaterally attacked. Plaintiffs complain greatly of the ruling of the trial judge on that subject, but we think his ruling was correct. Graham v. Hester, 15 La. Ann. 148. Appellants urge that in the petitory action they are at liberty to defend their original title (by any means of which the case is susceptible) against any claim set up by defendants of a divestiture of that title. But this position is entirely

too broadly stated. Plaintiffs have the right at their own risk to ignore (as being absolutely null) proceedings which might be set up by defendants; but, should they be mistaken in the legal situation, and the proceedings, when disclosed, prove to be of such a character as to have necessitated that plaintiffs, before resorting to a petitory action, should have had those proceedings annulled, or had, at least, cumulated an action of nullity simultaneously with that action, plaintiffs will be forced back to their original remedies and take nothing in their petitory action. That question has been set at rest by several decisions. 46 La. Ann. 326, 14 South. 843, Beland v. Gebelin.

But plaintiffs insist that the proceedings advanced by the defendant in this case were in fact absolutely null, as on their face minors' property has been sold without the observance of formalities required for that purpose.

Plaintiffs labor under a misapprehension in this matter. They deal with the property in litigation as if it belonged in absolute ownership to their father. They leave entirely out of view the fact that in this particular instance, by the consent of all three of the commercial partners, the title of this property was placed under warranty in the partnership (Allen, West & Bush v. Whetstone, 35 La. Ann. 849), and that plaintiffs' father (one of those partners), for and in consideration of his transfer to it of his ownership in the same in its entirety, had received partnership funds to the extent of the cash portion of the price, and for the credit portion had received the notes, not of the individual partners, but those of the partnership. They leave entirely out of view the fact their father, by his action, had thrown himself into such relations with the partnership that the relative and ultimate rights and obligations of the parties had to be adjusted between them. The partnership has not in any way been brought into this litigation. Plaintiffs are in error when they speak of the proceedings which took place in reference to the transfer of their father's interest in the partnership property to the Athens Lumber Company, Limited, and to the surrender of all his interest in the notes, which he owned individually, for the credit portion of the sale to the partnership, as being proceedings "for the sale of minors' property." The object sought in those proceedings was the "specific performance" by the widow in community and his heirs of an engagement which he had entered into before his death to place the legal title of the real property of which the partnership had, at least, the equitable ownership, in the Athens Lumber Company, Limited. It was supposed, evidently, that the "legal title" was still in the partners as individuals, and that some affirmative action was required at their hands to place it in the name of the corporation. What was sought to be done was, not the creation of a new contract, but the enforcement and carrying out of an old one, to which both his heirs and his widow in community were committed. The death of the father did not extinguish his existing obligations. The stock of the corporation, which he received in lieu of his interest in the property and the notes, was dealt with after his death as the property of the widow and his heirs, the minors. It was ordered, as such, to be sold, and, although nothing appears as to the ultimate disposition of the same, it is fair to presume that it was sold, and the proceeds received by the tutrix for the benefit of herself and the minors. Evidently the plaintiffs and widow could not hold both the stock and the property. As matters are brought before us, we think the judgment appealed from is correct, and it is hereby affirmed.