No.———

First Circuit

———

SMITH, Tutor, v. SALMEN BRICK AND LBR. CO., LTD.

———

(February 15, 1928.   Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Judgment—Par. 151, 152.**

A plea of res judicata and estoppel is properly sustained where a judgment on the same subject matter between the same parties had been previously decided.

2. **Louisiana Digest—Judgment—Par. 123, 134.**

Although under Article 604 et seq. of the Code of Practice, a nullity of judgment must be demanded by direct action, a suit on the same subject matter decided by the same parties which does not contain an averment that former judgment is null, cannot be considered an action of nullity under those articles.

Appeal from the District Court, Parish of St. Tammany.  Hon. P. B. Carter, Judge.

Action by Frank Smith, tutor of the minors, Harry Hoyle, et als., against Salmen Brick and Lumber Company, Ltd.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Fred J. Heintz, of Covington; Wm. M. Ansley, of New Orleans, attorneys for plaintiff, appellant.

B. M. Miller, of Covington, attorney for defendant, appellee.

ELLIOTT, J. Frank Smith, dative tutor for Harry, Jr., Thelma, Roderick, Rosa, Clara and William P. Hoyle, minor children of Harry Hoyle and Rosa Hoyle, his wife, brought a petitory action against Salmen Brick and Lumber Company, Ltd., for the purpose of recovering an undivided half interest in Lot 7, Square 4 Brugier's Addition to the town of Slidell, Louisiana, and in the buildings and improvements thereon; and also to have recognized and decreed executory a minor's general mortgage in their favor on the other half of the same, said mortgage resulting from the inscription of a certificate of the amount of the minors' property, according to the inventory of the same on file in the office of the Clerk of the Civil District Court, Parish of Orleans, and recorded in the Parish of St. Tammany, where the property in question is situated.

· The defendant, Salmen Brick and Lumber Company, Ltd., interposed an exception of no cause of action or right of action and of res adjudicata and estoppel to plaintiff's demand. The plea of res adjudicata and estoppel was based on the proceedings and judgment in the suit entitled Salmen Brick and Lumber Co., Ltd., vs. Rosa Seal Hoyle, individually, and as tutrix of the minor children of Henry Hoyle, No. 2772

on the docket of the District Court, Parish of St. Tammany. The District Court sustained the exceptions and the plaintiff appealed. ·

In this suit the petition of the tutor sets up ownership of the land in question, in the minors, by inheritance from their father and mother, both of whom are dead, and makes no reference at all to the proceedings mentioned. The proceedings were offered in evidence in support of the plea of res adjudicata and estoppel. Reference thereto shows that Salmen Brick and Lumber Company, Ltd., brought suit against Mrs. Rosa Seal Hoyle, individually, and as natural tutrix of the above named minor children, on account of building material alleged to have been furnished for the purpose of erecting a house on the property in question, and claimed a privilege on the lot of ground as furnisher of supplies.

The defendant was cited individually and as tutrix to appear and answer plaintiff's demand. She appeared by her attorney, individually, and as tutrix and contested plaintiff's demand. The case was tried contradictorily with her, and judgment rendered against her individually and as tutrix, and in favor of Salmen Brick and Lumber Company, Ltd., for $182.85 with interest, recognizing the privilege on the lot as claimed. In due time execution was issued on the judgment, the property described in the petition was seized and sold by the sheriff, and Salmen Brick and Lumber Company, Ltd., became the adjudicatee of the same at the sheriff's sale. Salmen Brick and Lumber Company, Ltd., then instituted a rule in the same proceedings against Mrs. Rosa S. Hoyle, individually, and as tutrix of said children, calling on her individually and as tutrix to show cause why the legal mortgage then existing on her half interest in said property in favor of her minor children, should not be cancelled. Service was

accepted for her individually and as tutrix by a member of the bar, acting as her attorney. Judgment was then rendered against her individually and as tutrix ordering that the legal mortgage in question be cancelled.

Under the law, Code of Practice, Art. 604 et seq., the nullity of a judgment must be demanded in a direct action instituted for that purpose. Plaintiff's petition does not contain any such demand. But jurisprudence has settled that if the petition of the plaintiff in this case, had alleged that the judgment in the proceedings in suit No. 2772 on the docket of the District Court of the Parish of St. Tammany were absolutely null and void, the averment would have been looked into and the fact ascertained. See Beland vs. Gibelin, 46 La. Ann. 326, 14 So. 843; Ford vs. Mills, 46 La. Ann. 331; Callahan vs. Fluker, 47 La. Ann. 427; Bankston vs. Owl Bayou Cypress Co., 117 La. 1053, 42 So. 500.

The record of the case No. 2772 on the docket of the District Court of St. Tammany Parish, and the two judgments therein rendered appear to be regular. The court that rendered them had jurisdiction.

The petition of the plaintiff in the present case contains no averments questioning the validity of the proceedings.

In Brinkston vs. Posey, 43 La. Ann. 924, 10 So. 6, and Moor vs. Petrie, 149 La. 910, 90 So. 252, cited in plaintiff's brief, the proceedings under which the property was adversely claimed was directly attacked, therefore the cases do not support plaintiff's position.

In Heroman vs. La. Institute of Deaf and Dumb, 34 La. Ann. 805; Succession of Begue, 112 La. 1048, 36 So. 849; Boudreaux vs. Lower Terrebonne Ref. & Mfg. Co., 127 La. 98-99, 53 So. 456; Krone vs. Krone, 138 La. 666-667, 70 So. 605, it was held

that the judgment of a competent court, in which the defendant had been duly cited and which had become final, could not be attacked even though the judgment was erroneous.

The two judgments rendered in the case of Salmen Brick and Lumber Co., Ltd., vs. Mrs. Rosa Seal Hoyle, individually, and as tutrix of the minor children of Harry. Hoyle, No. 2772 of the docket of the District Court of St. Tammany Parish, are final and cannot be inquired into now; no matter whether right or wrong.

In the present case the plaintiff cannot succeed in his demand, except by setting aside the judgments rendered in the suit mentioned. The plea of res adjudicata and estoppel was therefore properly sustained.