HEIRS OF AMADOR TRÍAS SILVA, ETC., Plaintiffs and Appellants, v. PORTO RICO LEAF TOBACCO COMPANY, ET AL., Defendants and Appellees.

No. 6639. Argued May 28, 1935.—Decided May 29, 1936.

*A. J. Amadeo* for appellants. *J. Henri Brown, C. Ruiz Nazario, G. E. González* for Porto Rico Leaf Tobacco Company; *M. Marcos Morales* for heirs of Munitiz; *Félix Ochoteco, Jr.,* for Messrs. Mendoza and Osuna.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiffs, in a revendicatory action, appeal from a judgment of dismissal rendered after a trial on the merits. Amador Trías Silva, in 1896, executed a mortgage in favor of Modesto Munitiz. Later, Munitiz assigned the mortgage to the Porto Rico Leaf Tobacco Company. Trías died in 1900. Plaintiffs are his heirs. In 1907 the Porto Rico Leaf Tobacco Company instituted a summary foreclosure proceeding in the Guayama District Court against Trías. The judge of the Guayama District Court, believing himself to be disqualified, sent the case to the District Court of San Juan. The mortgaged property was in the judicial district of Guayama. The District Court of San Juan ordered the issuance of a demand for payment to be made on Trías. In a stipulation between plaintiffs and the Porto Rico Leaf Tobacco Company, it was agreed that, pursuant to the order last mentioned, a writ had been issued directing service of a demand for payment on Trías and that the deputy marshal of the

District Court of San Juan had returned the said writ with a certificate to the effect that he had served the demand for payment on Trías at a certain place in San Juan referred to as the residence of Trías.

The theory of the complaint was that; the foreclosure proceeding being an absolute nullity and this fact clearly appearing in the registry of property, neither the title of Trías to the mortgaged property nor the title of plaintiffs thereto had been affected in any way by the said proceeding or by subsequent transfers of the property. The prayer was for a judgment: declaring the summary foreclosure proceeding absolutely null and void; declaring the public sale and award of the said property by the marshal to Modesto Munitiz (as well as the successive transfers down to those now in possession of the said property) void, nonexistent and inoperative; ordering the cancellation of such transfers in the Registry of Property of Guayama; adjudging the land described in the fourth paragraph of the complaint to be the property of plaintiffs to whom belonged the fruits and revenues thereof; and providing for the return of the said property to plaintiffs by those actually in possession thereof with the fruits thereof during the respective periods of such possession.

The district judge (relying on *Mandés* v. *Succession of Agüero,* 43 P.R.R. 278; *People* v. *Riera,* 27 P.R.R. 1; *Menéndez* v. *Cobb,* 28 P.R.R. 725 and *Gutiérrez, Widow of Crosas* v. *Longpré,* 44 P.R.R. 643, held: that a revendicatory action must be preceded by an action of nullity; that the action of nullity, not having been brought within the fifteen years after the date of the marshal's deed to Munitiz, was barred by Section 1864 of the Civil Code (1930 ed.); that in the absence of a certified copy of the record entry in the registry of property or other evidence to show that the alleged jurisdictional defects clearly appear from the registry of property, all of the defendants, except the Porto Rico Leaf Tobacco Company, were third persons and as such,

entitled to the protection of article 34 of the Mortgage Law.
■ From an opinion delivered by Mr. Justice Del Toro, in which Mr. Justice Wolf concurred, a quarter of a century ago (Succession of Sánchez, 17 P.R.R. 841, 844) we take the following extract:

"The action instituted by the plaintiff is of ejectment and is independent of an action for annulment of the defendant's title.

" 'The legal doctrine that it is necessary first to request the annulment of title when an action of ejectment is instituted against persons who possess the object of the same by virtue of title had as lawful is only applicable when the annulment causes the action, but' not when the right to recover is independent thereof.' (Judgment of the Supreme Court of Spain, October 16, 1873.)

" 'The action of ejectment being founded on a right recognized as preexistent to that of the defendant's title, it is not necessary to ask, previously and separately, for the annulment of said title, because the plaintiff's action is not derived therefrom, but is a consequence of the one he has deduced.' (Judgment of the Supreme Court Spain, January 17, 1889.)

" 'The principle that an action of ejectment cannot be instituted against a possessor whose title, more or less good, is recorded in the registry of property without a preceding action which, in accordance with law, must be adequate to destroy the same, is unacceptable when the action instituted has no other object than to obtain the real property that the plaintiff claims as owner, although not on the ground that the defendant's title is more or less effective.' (Judgment of the Supreme Court of Spain, April 6, 1889.)

" 'A person whose action of ejectment is founded on a title independent of the possessors's is not obliged to ask and obtain the annulment thereof in order that his action may prevail.' (Judgment of the Supreme Court of Spain, February 13, 1892.)' "

Four years later, this Court was unanimous in the view that a case like the one at bar comes clearly within the exception to the general rule, not within the rule itself. *Oliver v. Oliver*, 23 P.R.R. 168, 181 et seq. This conclusion was reached with the aid of able counsel on both sides of the question after full discussion and matured deliberation.

See also: *People v. Dimas*, 18 P.R.R. 1019, 1041; *Arvelo v. Banco Territorial*, 25 P.R.R. 677; *People v. Heirs of Val-*

*dés,* 31 P.R.R. 213, 227; *Amy* v. *Heirs of Verges,* 33 P.R.R. 359, 362; *González et al.* v. *Fumero et al.,* 38 P.R.R. 497, 509; *Monrozeau* v. *Amador,* 40 P.R.R. 124, 129; *Cintrón Parra* v. *Yabucoa Sugar Co.,* 42 P.R.R. 668; *García León* v. *Succession of Dávila,* 45 P.R.R. 159; *Solá* v. *Castro,* 32 P.R.R. 740; *Doucet* v. *Fenelon,* 120 La. 18; *Beland* v. *Gebelin,* 46 La. Ann. 326; *Mays* v. *Witkowsky,* 46 La. Ann. 480; *Bledsul* v. *Erwin,* 33 La. Ann. 615.

■ An action to establish the absolute nullity of a summary foreclosure proceeding is not barred by the lapse of fifteen years for the same reasons which sustain the conclusions that such an action is not barred by the lapse of four years. See *Succession of Suro* v. *Succession of Prado,* 21 P.R.R. 227; *Cruz* v. *Succession of Kuinlan,* 29 P.R.R. 817; *Oliver* v. *Oliver, Arvelo* v. *Banco Territorial, Solá* v. *Castro, González Rodríguez* v. *Fumero, Amy* v. *Succession of Verges,* and *Monrozeau* v. *Amador, supra.*

■ The foreclosure proceeding in the instant case was an absolute nullity. *Porto Rico Leaf Tobacco Co.* v. *Ereño,* 16 P.R.R. 96; *Cortés* v. *Díaz,* 31 P.R.R. 433; *Anaud* v. *Martínez,* 40 P.R.R. 641; *Blondet* v. *Benítez,* 33 P.R.R. 394; *Monrozeau* v. *Amador, García León* v. *Dávila, supra,* and other cases.

■ The tenth averment of the complaint reads in part as follows:

"Tenth.—That from the record entry made in the Registry of Property of Guayama as a result of the marshal's deed already mentioned, it appears that the property described in the fourth paragraph of the first cause of action was sold at public auction by the marshals of the District Court of Guayama in a mortgage foreclosure proceeding, instituted in the District Court of San Juan by the Porto Rican Leaf Tobacco Co. . . ."

The answer of the Porto Rico Leaf Tobacco Company contains the following admissions:

"10. Answering paragraph 10 of said first cause of action, the defendant admits that from the record entry made in the Registry

of Property of Guayama as a result of the marshal's deed already referred to, it appears that the property described in the fourth paragraph of the first cause of action was sold at public auction by the marshal of the District Court of Guayama in a mortgage foreclosure proceeding instituted in the District Court of San Juan by the Porto Rican Leaf Tobacco Company. . . ."

The answer of the defendants, Baltazar Mendoza, Fernando Mendoza, Rafael Osuna and Succession of Manuel Pérez Díaz, contains the same admission.

The heirs of Modesto Munitiz denied "for want of sufficient information and belief"

"that, if any entry has been made in the Registry of Property of Guayama, it appears therefrom that the said property was sold by the marshal of the district of Guayama in a foreclosure proceeding had before the District Court of San Juan."

Plaintiffs introduced in evidence a copy of the marshal's deed executed in favor of Modesto Munitiz, purchaser at the foreclosure sale. This deed fully informed the purchaser that the mortgaged property was within the judicial district of Guayama and that it had been sold in a summary foreclosure proceeding by order of the District Court of San Juan. The marshal was not "a person who, according to the registry", had any right or power to convey the mortgaged property. Modesto Munitiz was not a third person. His heirs are in no better position. It is fair to add that these heirs, if we understand the answer, do not invoke for themselves the protection of Section 34 of the Mortgage Law.

It follows that the district court also erred in holding that all of the defendants except the Porto Rico Leaf Tobacco Co. were third persons and, as such, not amenable to plaintiffs' demand.

Only two of the three judges who formed the majority in *Succession of Mandés* v. *Succession of Agüero*, 43 P.R.R. 278, are members of the court as now constituted. These two, Mr. Chief Justice Del Toro and Mr. Justice Wolf who delivered the opinion on rehearing in the Mandés case, are

.agreed that it was not the intention of the majority to over-rule or to modify in any way the doctrine of *Anaud* v. *Mar-tínez* and of the other cases cited, *supra*. The case of *People* v. *Riera*, and cases cited therein are either readily distinguishable from the *Anaud* case or else must be deemed to have been overruled by the *Anaud* case as far as they may be in conflict therewith. A reading of the opinions in the two cases of *Gutiérrez widow of Crosas* v. *Longpré* will suffice to distinguish them both from the case of *Anaud* v. *Martínez* and from the case at bar. None of the appellees except the Porto Rican Leaf Tobacco Company has filed a brief on the present appeal. The penultimate paragraph of the statement of the case and opinion by the district judge reads as follows:

"Having decided the foregoing questions, which of themselves are sufficient for a dismissal of the complaint filed, it is altogether unnecessary to go into a consideration of the other defenses set up by the defendants, as also of the contention made by the plaintiff in regard to the nullity or insufficiency of the title held by the defendants; and similarly as to a consideration of the counterclaim set up by the Porto Rico Leaf Tobacco Co. and the special defenses pleaded in behalf of Modesto Munitiz regarding defects in the oath to the complaint and nonjoinder of parties defendant."

For this and other reasons it seems preferable that the district court should first pass upon the questions specified in the extract just quoted as well as some other questions not decided by the district court nor adequately discussed even in the brief for appellant.

The Porto Rican Leaf Tobacco Company submits: that it was neither a necessary nor a proper party; that as to it the complaint does not state facts sufficient to constitute a cause of action and prays for no judgment against the said company. It may be conceded that the tobacco company was not a necessary party. That it was not a proper party or that the complaint fails to state facts sufficient to constitute a cause of action as to it is by no means so clear. Appa-

.rently, however, the only reason for making the tobacco company a defendant was to give it an opportunity to be heard and to assert any right or claim which it might have in order to avoid any question as to defects of parties and in order that the interests of all parties concerned might be determined in a single action. The questions here involved have not been adequately developed in the two briefs before us. If an opportunity for further elaboration thereof is desired a motion for rehearing will be entertained.

The judgment appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.