## FRANTOM v. RUSCA.

### No. 5625.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Arthur C. Watson, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

DREW, Judge.

On September 28, 1935, J. D. Rusca sold to John Frantom the following land:

"A certain tract of land situated in the Parish of Natchitoches, with all improvements thereon, on the right descending bank of Old River, bounded above by lands formerly owned by the Lacoste heirs, now Johnson heirs, on the front by Old River, below by lands formerly owned by Smith & Rusca, now R. DeVargas et als, and on the rear by lands owned by the Estate of J. Alphonse Prudhomme. Said tract of land is situated in Section 55, Township 8, Range 7, and contains 120 arpens, more or less, the exact quantity being unknown."

The consideration was $1,500, represented by one note due one year after date. No part of the purchase price was paid in cash. On December 18, 1936, Frantom entered suit against Rusca for the sum of $98, alleging that due to the property being possessed by one Pete Broullet, who would not give him possession, he was unable to gain possession of the land; and that his failure to secure possession had caused him damages in the amount of $98.

Rusca answered this suit, setting up many defenses unnecessary to reiterate here, for the reason the original suit is not before us. Coupled with his answer and in reconvention, he alleged the property was sold for $1,500, represented by one promissory note due one year after date; that it was past due and wholly unpaid; and he desired to resolve the sale, have same cancelled and annulled, and the mortgage securing said note cancelled and erased from the mortgage records. He prayed for judgment accordingly.

The lower court rejected the demands of plaintiff in reconvention and he has prosecuted this appeal.

In this court defendant in reconvention has filed an exception of no cause of action. In support of the exception, he cites Ragsdale v. Ragsdale, 105 La. 405, 29 So. 906, and Bankston v. Owl Bayou Cypress Company, 117 La. 1053, 42 So. 500. These two cases hold that to succeed in an action for the resolution of a sale of real estate for non-payment of the price, the situation must be such that judgment in the action will bring about a restitutio in integrum, otherwise the demands should be

rejected. In the suit at bar, a judgment resolving the sale will bring a restitutio in integrum. The vendee has paid nothing on the purchase price. The note is past due and the vendee is not in possession and has never been, according to his allegations in the main demand. A resolution of the sale and the cancellation of the mortgage and note will leave both parties exactly where they were before the sale was made.

Defendant in reconvention further contends that he was not put in default before the suit was filed. There is no merit in this contention. In the case of School Directors v. R. K. Anderson, 28 La.Ann. 739, in passing on a similar case, the court said:

"As to default. Defendants base this defense on article 1912, R.C.C., which is in these words:

" 'The effects of being put in default are not only that, in contracts to give, the thing, which is the object of the stipulation, is at the risk of the person in default, but in the cases hereinafter provided for it is a prerequisite to the recovery of damages, and of profits and fruits, or to the rescission of a contract.'

"This is not an action of rescission, and is not in the cases provided for as contemplated by the article. The action for a dissolution, where a suit is necessary to enforce the resolutory condition, is a putting in mora, as it may be met by paying the price, and the judge may even grant a delay for such purpose. Arts. 2047, 2562. In George v. Knox, 23 La.Ann. [354] 355, we said:

" 'The note maturing on the first of March, 1858, was not paid. At that moment, the purchaser having failed to comply with his engagements, the resolutory condition implied in all commutative contracts took effect, and the seller had the right to sue for the dissolution of the 'sale.' "

Defendant further contends that the reconventional demand is not connected with and incidental to the main demand, as provided by Article 375 of the Code of Practice. In the main demand, Frantom alleged that he purchased the property from Rusca, and his demand for damages is based entirely upon the sale which Rusca in reconvention is attempting to have resolved. To our mind, the two demands are connected with and incidental to one an-.

other, and Rusca is entitled to judgment in reconvention, resolving the sale.

It is therefore, ordered, adjudged and decreed that the judgment of the lower court rejecting the reconventional demands is reversed; and there is now judgment in favor of J. D. Rusca and against John Frantom, resolving the sale from Rusca to Frantom of the following described property: "A certain tract of land situated in the Parish of Natchitoches, with all improvements thereon, on the right descending bank of Old River, bounded above by lands formerly owned by the Lacoste heirs, now Johnson heirs, on the front by Old River, below by lands formerly owned by Smith & Rusca, now R. DeVargas et als, and on the rear by lands owned by the Estate of J. Alphonse Prudhomme. Said tract of land is situated in Section 55, Township 8, Range 7, and contains 120 arpens, more or less, the exact quantity being unknown"; as shown by deed of September 28, 1935; that the mortgage and note from Frantom to Rusca of same date covering this land be cancelled and erased from the mortgage records; costs of both courts to be paid by John Frantom.