JESSE STANBROUGH *v.* THOMAS B. SCOTT, Sheriff, and SILAS LILLARD.

An affidavit that the *allegations* in the petition are true, is a sufficient compliance with a law which requires that the *facts* stated in the petition shall be sworn to.

On an application for an injunction to the district court in the absence of the judge, the petition must be addressed to the judge of that court, and not to the parish judge, though the latter be applied to, under the act of 1835, to grant it.

It is not necessary in granting an injunction that the judge should state in his order into what court it is to be made returnable. It is the duty of the clerk to issue the writ according to law.

It will be no objection to an injunction bond that it was dated before the petition for the injunction was filed. It is enough that it be of sufficient amount, with solvent sureties, and such that the party in whose favor it is given, may maintain an action upon it.

Where an order by the parish judge, granting an injunction from the district court, recites that it was made in the absence of the district judge, such absence will be presumed.

THE defendant, Lillard, having obtained a judgment in the District Court for the parish of Madison, before *Tenney*, J., against David Stanbrough, certain slaves were seized by Scott to satisfy a *fieri facias* issued on that suit, and directed to him as sheriff of the parish of Madison. The plaintiff prayed for an injunction against any further proceedings by the defendants, alleging the slaves to be his property. The petition was addressed to the district judge for the parish of Madison ; and the affidavit declared ' that the allegations set forth in the petition are true and in his opinion render an injunction necessary.' An injunction was granted by the parish judge. The order allowing it recited : ' that it appearing to the satisfaction of the parish judge of the parish of Madison that the judge of the district court for the said parish is resident out of and absent from the said parish,' &c., and directed ' that an injunction should issue as prayed for, on the petitioner's giving bond in a certain sum, conditioned as the law directs'. The petition for an injunction was filed on the 8th of May, and the bond was dated on the 5th of the same month. The injunction was dissolved.

*Stacey*, for the plaintiff and appellant.

*Copley*, for the appellees, prayed that the judgment of the lower

court might be amended so as to allow interest at ten per cent, and twenty per cent damages on the amount enjoined. He urged that the act of 2d April, 1835, p. 227, giving parish judges power to issue injunctions in the absence of the district judges, required that the injunctions so issued should be made returnable to the district courts.

BULLARD, J. Lillard having recovered a judgment against David Stanbrough and others, caused a writ of *fieri facias* to be issued, which was levied by the sheriff upon certain slaves. Thereupon Jesse Stanbrough obtained an injunction to stay proceedings, on the allegations that the slaves seized were his property, and in his possession, and that his title to said slaves had been duly recorded.

The defendants moved to dissolve the injunction upon the following grounds: 1st. The affidavit is insufficient as it only attests the *allegations* of the petition, and does not attest that the *facts* set forth in the petition are true and correct. 2d. The petition was improperly addressed to the district court, it should have been to the parish judge. 3d. The injunction is not made returnable in the district court as required by law. 4th. The bond does not appear to have been properly executed, it bearing date five days before the petition was filed. 5th. There is no showing that the district judge was absent, which fact should have been made to appear by affidavit.

These exceptions appear to have been sustained and the proceedings dismissed. The plaintiff in injunction appealed, and assigns as error apparent upon the record, the sustaining of said exceptions. The appellee prays that the judgment may be amended so as to give him damages on the dissolution of the injunction, according to the act af 1831.

I. The petitioner made oath ' that the *allegations* set forth in the foregoing petition are true and in his opinion render an injunction necessary.' We cannot distinguish between the *allegation* of facts and the facts themselves, in the sense of the Code, which requires that *the facts* shall be sworn to. An *allegation* may be false or it may be true, as the *fact* exists or not—but, strictly speaking, a fact cannot be false—it is only the *allegation* of its existence which may be so. The affidavit was in our opinion sufficient.

II. The proceeding was in the district court, which had rendered

the original judgment, and upon which the execution had been issued. The parish judge was applied to in the absence of the judge of the district court, to grant the order for the injunction, but the petition was properly addressed to the court from which the plaintiff sought relief, and not to the officer appointed by law to act in the absence of the judge, whether the clerk of the court or the parish judge.

III. The writ which issued was made returnable in the district court and was issued by its clerk. It was not necessary, in our opinion, that the judge in giving his *fiat* should direct that the writ should be returnable in a particular court. It is the duty of the clerk to issue the writ, and it appears that he acted correctly.

IV. It is enough, we think, that the bond be of sufficient amount, with solvent sureties, and such as that the party in whose favor it is made may maintain an action upon it, if it should appear that the injunction was wrongfully sued out. The date of the bond may well precede the filing of the petition, and yet the bond be valid.

V. We may well presume that the parish judge knew of the absence of the district judge when he granted the order. His absence in point of fact is not denied, and the presumption is that the parish judge in granting the order did not exceed his powers.

We conclude that the court erred in sustaining the exceptions and dismissing the proceedings.

It is therefore decreed that the judgment of the District Court be reversed, that the injunction be reinstated, and the case remanded for further proceedings according to law, and that the appellee pay the costs of this appeal.