No. 2574.—LOUISIANA STATE BANK *v.* JOHN R. BUHLER.

Where the evidence shows that the acceptors of a draft were the factors of the drawer, and at the maturity of the acceptance the balance was in his favor, the holder must make demand and give notice, to enable him to recover of the drawer.

To enable the holder of an accepted draft to recover from the drawer, on a subsequent promise to pay, he must show that the promise was made with a full knowledge of his discharge. 20 An. 43.

APPEAL from District Court, Parish of West Baton Rouge. *Posey*, J. *Favrot & Lamon*, for plaintiff and appellant. *Barrow & Pope*, for defendant and appellee.

HOWELL, J. This suit is brought on two drafts for $2500 each, drawn by John Buhler, at Baton Rouge, on and accepted by Menard & Vignaud, in New Orleans, to the order of W. S. Pike, cashier, and

by him specially indorsed to L. Bernard, cashier, or order—one dated May 7, 1862, due at ninety days, and the other dated May 14, 1862, due at six months.

The drawer is dead, and his succession was accepted purely and simply by his son, the defendant, who, on the second of June, 1866, acknowledged, in writing, on each draft, that they were just, due and unpaid, and promised to pay them in due course of administration.

The defense is, want of protest and notice, and of knowledge at the date of the above promise, of his release in consequence thereof.

Our attention is directed to a bill of exceptions taken by the defendant to the admissibility of the depositions of J. and L. Menard, on the ground that the parish judge had no authority to grant the order for a commissioner to take testimony in a case pending in the district court, where it was not shown that the party wanting the testimony apprehended that the witness was about to leave the State, or from any other cause he would be deprived of the testimony, as is specially provided in Act No. 9 of 1868. As it is not made to appear that the parish judge did not have before him, at the time he granted the order, the evidence required by said statute, the presumption of law is, that he did his duty, and the depositions were properly received by the district judge.

The first question is, was the drawer entitled to notice of dishonor?

It is shown that the acceptors were the factors of the drawer; that at the maturity respectively of the drafts sued on he had a cash balance in the hands of the former of $1531 04, which is still unpaid; and that during the time between the drawing and maturity of the drafts the drawer shipped sugar to the acceptors, who furnished supplies to the former. Under these circumstances, the drawer was entitled to notice of dishonor. 3 An. 386. When a holder fails to demand payment and give notice of non-payment, he must, in order to recover, show that the drawer had no funds or effects in the hands of the acceptor, or that he had no reason to expect the draft to be paid. 19 L. 370; 20 An. 46; 21 An. 279. This is not shown in this case; but the contrary appears.

As to the second part, to recover on a subsequent promise to pay, it must be shown that the promise was made with a full knowledge of the discharge. 20 An. 46, and 21 An. 279, and the authorities cited in each.

There is no such proof here; but on the contrary, the defendant testifies that he was not aware that the drafts had not been protested, or that he was not bound to pay them.

It is therefore ordered that the judgment be affirmed, with costs.