No. 9052.

SUCCESSION OF ELIZA P. MACIAS.—OCTAVE ANFOUX AND OTHERS INTERVENORS.

A sale of succession property made under an order of court to pay debts, on the application of creditors, is a judicial sale.

The purchaser at such a sale, when it appears that the court was of competent jurisdiction, is not bound to look beyond the decree recognizing its necessity.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

---

*Jos. P. Hornor* and *F. W. Baker* for Plaintiff and Appellee.

*Albert Voorhies* for Defendants and Appellants.

---

The opinion of the Court was delivered by

POCHÉ, J.   This appeal brings up a rule by a purchaser at a judicial sale of succession property for possession of said property, which is withheld from him by O. Anfoux, in actual possession of the same.

In the latter's answer to the rule he is joined by Théophile Anfoux, executor of the succession, and by Delphine Imbert, who charge nullity of the judgment ordering the sale at which plaintiff in the rule became a purchaser, on the main ground that the same property had been previously sold and adjudicated to Delphine Imbert, which sale had been

made under the order of the same court, but had not been completed on account of the auctioneer's illegal refusal to perfect her title.

Alleging her readiness to comply with the terms of the adjudication to her, Delphine Imbert urges that O. Anfoux is her keeper under her alleged title, and together with the executor who joins in her defense, she resists the rule for possession.

The rule was maintained and intervenors have appealed.

The record shows that the succession property was offered for sale at the instance of creditors under an order of court, for the purpose of paying the debts of the succession, and was at the first offering adjudicated to the intervenor, Delphine Imbert, who is represented in the auctioneer's return as having failed to comply with the terms of her bid.

On a petition of a creditor reciting these facts, the court issued a second order for the sale of the succession property. At the offering made thereunder the property in question was adjudicated to the plaintiff in this rule, to whom the auctioneer executed an authentic act of sale.

In their efforts to assail the latter's title and to defeat his demand for possession of the property thus acquired by him, intervenors are met with a judgment of a court of competent jurisdiction ordering the sale of the property in contest, and they have to encounter the well established rule of our jurisprudence which protects a purchaser in good faith at a judicial sale made under the orders of a court of competent jurisdiction.

In addition to the grounds of nullity herein above stated, their main contention is that in the proceedings which resulted in the second offering of the property, the executor was not made a party and that he was a necessary party.

To this a ready answer is, that the executor is always before the court and that he must be legally held as cognizant of all proceedings affecting the succession which he represents. Hence it is, that Article 990 of our Code of Practice authorizes the sale of succession property to pay debts at the instance of creditors, without the mention of the representatives of the estate; and that Article 992 applies these rules to all successions administered by administrators.

It is, therefore, apparent that the court had jurisdiction in the premises, and that the proceedings contained all the elements of a valid judgment. Beyond this the purchaser had no other inquiry to make. A purchaser at a sale made under such a judgment is not bound to look beyond the decree recognizing its necessity. No rule in our jurispru-

dence rests on more solid ground, or is sanctioned by more abundant direct authority. Nesom vs. Weis *et al.* 34 A. 1010; Duckworth vs. Vaughn, 27 A. 599; Succession of Vaughn, 26 A. 150; Wright vs. Cummings, 19 A. 353; Succession of Gurney, 14 A. 622; McCullough vs. Minor, 2 A. 466; Lalance's Heirs vs. Moreau, 13 La. 431; Pintard vs. Deyrio, 3 N. S. 32.

The issue tendered by intervenors involves defects and irregularities which all preceded the judgment under which the sale was effected; hence, it cannot be tried under these proceedings.

Judgment affirmed.

---

### APPLICATION FOR REHEARING.

BERMUDEZ, C. J. We did not propose to say, in our previous opinion, that creditors of a succession had a right to proceed and obtain *ex parte* an order for the sale of property to pay them, for that would have been running counter the well seated jurisprudence which requires a contradictorary proceeding in such cases. 26 A. 804; 10 A. 238; 3 A. 408; 3. R. 35; 5 R. 98; 10 R. 458; 29 A. 560; 33 A. 343.

We simply considered that, if the petitions and orders under which the property in question was decreed to be offered and re-offered for sale, were open to attack on that ground,, surely neither the executor nor the first adjudicatee could be listened to do so, and this for obvious reasons.

They were intervenors, and as such could raise no issue, not susceptible of being legally formed between the second adjudicatee and the mere possessor or occupant, or keeper without any title and not permissible under the pleadings. They must join either or resist both.

Hence the objections to the inadmissability of proof in support of the averments of the intervenors, were properly sustained.

The executor and the first adjudicatee cannot be allowed to find any fault with the first proceeding, by the creditors for the sale of the property, as they are themselves, in their intervention, that the sale made was *regular*. If such was the character of the first proceeding, it is also that of the second, which was necessary as a furtherance of the prior one. 32 A. 265.

Of course an executor is always before the court and deemed cognizant of pleadings affecting the succession which he represents; but this does not mean that *ex parte* proceedings acquire an immediate binding effect on him, the mouthpiece of the creditors and heirs.

If anything of the kind be illegally done, to which valid objection exists, the law does not leave him without remedy to prevent the infliction of the unauthorized wrong. Should he fail to invoke the same seasonably, and were the others concerned to acquiesce in his dereliction by their silence and inaction, and should innocent parties acquire rights, could he not and those he represents, be viewed in the light o a defendant, present in the parish, where a judgment rendered against him without citation has been executed? C. P. 612.

Our decision was, like that of the district court, simply to the effect that, as between the plaintiff in rule and the mere occupant of the property, the former was entitled to possession, in furtherance of the adjudication and compliance with the terms thereof, without prejudice to any adverse rights which the intervenors might have and assert in a proper proceeding.

Rehearing refused.