(58 South. 583.)

No. 18,688.

HIBERNIA BANK & TRUST CO. et al. v. WHITNEY et al.

(April 22, 1912.　Rehearing Denied May 20, 1912.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 878*) — REVIEW — SCOPE AND EXTENT.

Where exceptions filed by defendant were overruled and the plaintiff appealed from an adverse judgment on the merits, the judgment on the exceptions become final, if the defendant does not in his answer to the appeal pray for its reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573–3580; Dec. Dig. § 878.*]

2. EVIDENCE (§ 83*) — PRESUMPTIONS — SALE OF PROPERTY — JURISDICTION OF CLERK OF COURT.

Act No. 43 of 1882 vested in clerks of court, when the judge is recused or absent from the parish, jurisdiction to grant orders for the sale of succession property to pay debts, and provided that such recusation or absence must be shown by the oath of the party or his attorney, and that the application for sale should be accompanied by a statement of debts. Where the clerk of court, in 1896, granted an order to sell certain succession property to pay debts, stated by the executor under oath to aggregate $1,500 or more, the presumption is that affidavit was made and list of debts filed as prescribed by the statute, and this presumption is not rebutted by the fact that, after the lapse of more than 10 years, no such affidavit or list can be found among the succession papers.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

3. EXECUTORS AND ADMINISTRATORS (§§ 333, 336*)—SALE OF PROPERTY—JURISDICTION OF CLERK OF COURT.

Under Act No. 43 of 1882, the absence of the judge from the parish vested jurisdiction in the clerk to grant orders for the sale of succession property to pay debts, and the affidavit was required for the purpose of showing that the judge was absent or recused, and the list of debts for the purpose of showing the necessity for the sale.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1372–1375, 1385–1396; Dec. Dig. §§ 333, 336.*]

4. ADVERSE POSSESSION (§ 77*)—PRESCRIPTION—COLOR OF TITLE — SALE OF DECEDENT'S PROPERTY.

If as a matter of fact the judge was absent, the jurisdiction vested in the clerk, and his failure to require the statutory affidavit and list of debts is an informality curable by the prescription of five years.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 455–457; Dec. Dig. § 77.*]

5. JUDICIAL SALES (§ 50*)—RIGHTS OF PURCHASERS—BONA FIDE PURCHASER.

A bona fide purchaser at a judicial sale is not bound to look beyond the decree recognizing its necessity.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 90–94, 96; Dec.Dig. § 50.*]

6. EXECUTORS AND ADMINISTRATORS (§ 388*) —SALES OF PROPERTY—BONA FIDE PURCHASERS.

A bona fide purchaser at a judicial sale has nothing to do with the question whether

the executor sold more property than was required to pay the debts of the succession.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

'7. Executors and Administrators (§ 364*) —Sales—Resale.

Where the court orders succession property to be sold on certain terms, which are not obtained on the first offering, the sheriff, at the request of the executor, may re-advertise and sell the property, without obtaining another order of sale.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1495–1497; Dec. Dig. § 364.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thos. M. Burns, Judge.

Action by the Hibernia Bank & Trust Company, tutor, and others, against George M. Whitney and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 122 La. 890, 48 South. 314.

T. M. & J. D. Miller and Ellis & White, for appellants. Farrar, Jonas, Goldsborough & Goldberg and Miller & Morphy, for appellees.

LAND, J. The Hibernia Bank & Trust Company, as dative tutor of the minor, Eleonore Pochelu, sued to recover a certain lot of ground, known as "Mon Plaisir," situated in the town of Mandeville, parish of St. Tammany, with rents and revenues.

The petitioner represented that the said lot was the separate property of the minor's father, the late Raymond P. Pochelu, who died in the year 1896, leaving a last will and testament, by which the said minor was constituted the universal legatee of his estate; that the succession of her father owes no debts; and that her mother has waived all claim to the usufruct of said property.

The petitioner further represented that George M. Whitney was in possession of said lot, without legal right or title, claiming to have acquired the same by purchase from George F. Bierhorst, claiming to have been purchased from Eugene Esquinance, claiming to have acquired ownership thereof by purchase at an alleged judicial sale in the succession of Raymond P. Pochelu, made by the sheriff of the parish of St. Tammany on July 18, 1896, pursuant to an alleged decree signed by the clerk of the district court in and for said parish on April 27, 1896; at which alleged sale the said Esquinance claims to have paid the price of $2,000.

The petitioner further represented that said judicial sale was null and void for the following reasons:

(1) That there was no valid decree or order authorizing said sale.

(2) That there was no affidavit annexed to the petition for sale, showing that the district judge was absent from the parish at the time the clerk of court granted the order of sale.

(3) There was no list or statement of debts due by said succession filed with the petition for sale.

(4) That under said order the sheriff on June 6, 1896, sold other property belonging to said succession for an amount aggregating $2,544, which sum exceeded by $1,000 the amount of debts alleged in the petition for sale, and that the subsequent sale by the sheriff of the property sued for was wrongful and illegal, and without any order or instructions from the court.

(5) That the will of the decedent has never been legally probated nor his succession regularly opened, because the order probating the said will was signed by the clerk of the court without any affidavit showing the absence of the judge from the parish.

Petitioner further represented that it had extended to the defendants the sum of $2,000, and that the tender had been refused by them.

Defendants excepted to the petition on the following grounds:

(1) That if the plaintiff can maintain this suit for its ward as the testamentary heir of her father, then the plaintiff is estopped and debarred from attacking the probate of the will aforesaid.

(2) That the plaintiff's demand is barred by the prescription of five years.

Petitioner filed an amended petition representing that the appointment of a dative testamentary executor, made by the court in 1909, had the effect of a probate of the will at that time, or, if mistaken in the premises, petitioner showed that the will should be probated and the minor recognized as universal legatee, or if that could not be done, that the minor should be recognized as the sole heir of the decedent. The petitioner further represented that it presented to the court a duly certified copy of the will of the decedent in notarial form and prayed for the probate of the same, should the court not decree that the said last will was not in effect probated by the appointment of a dative executor as aforesaid.

On exception by defendants, the supplemental petition was dismissed, without prejudice to the pleas of prescription and estoppel urged by the defendants.

For answer, after pleading the general issue, the defendant Whitney averred that he purchased the property in good faith from George F. Bierhorst in August, 1906, for the price of $10,000, and called his vendor in warranty. Defendant for further answer denied the sufficiency of the tender made by the plaintiff, and pleaded the prescription of 5 and 10 years; and for further answer averred that in no event could plaintiff recover more than the naked ownership of the property.

The defendant Bierhorst filed a similar answer, and called his vendor in warranty.

The defendant Esquinance pleaded the same defenses against the plaintiff, and for further answer averred that he purchased the property in dispute in good faith at a judicial sale made by order of the court, for the price of $2,000 paid to the executor of the estate, and by him applied to the payment of the debts of the decedent, and in event of the eviction of the defendant Whitney, prayed for judgment against the plaintiff for said sum, with legal interest from July 18, 1896, until paid.

All the exceptions filed by the defendants were overruled, except the plea of prescription, which was referred to the merits of the case.

[1] On the merits there was judgment in favor of the defendants, rejecting plaintiff's demand. Plaintiff has appealed. Defendants have filed no answer to the appeal. Therefore the judgment overruling the exceptions of the defendants has become final. See Leschen & Sons Rope Co. v. Patterson & Co., 130 La. 557, 58 South. 336.

This case, in another form, was before us on a former appeal. See 122 La. 890, 48 South. 314. Plaintiff sued as heir and ignored the probate proceedings and sale in the succession of her father. This court held that the proper remedy was by direct action to annul the proceedings and sale, after a tender of the price paid by the purchaser. In this suit the plaintiff, by suing as testamentary heir, necessarily admitted that her father's will had been duly probated. The issue, therefore, is restricted to the alleged nullity of the probate sale on the grounds stated in the petition. The first defect is that there was no affidavit annexed to the petition of the executor praying for the sale of the property to pay debts, showing the absence of the district judge at the time the clerk of court signed the order of sale.

[2] All the proceedings attacked in this case were had in 1896 under the dominion of the Constitution of 1879. Article 122 of that Constitution gave the General Assembly

power "to vest in clerks of court authority to grant such orders, and to do such acts, as may be deemed necessary for the further-ance of the administration of justice," and further declared that "in all cases powers thus vested shall be specified and determin-ed." By section 4 of Act No. 43 of 1882, in the absence of the judge from the parish, or in case of his recusation, power was vest-ed in clerks of court to grant orders for the sale of succession property, upon the ap-plication of the administrator or curator; "provided, .the application be accompanied by a statement of the debts of the succes-sion." Section 6 of the same act reads in part as follows:

"In all cases in which the clerk is empow-ered by this act to grant orders in the absence of the judge from the parish, or in case of his recusation, the oath of the party or his attorney, that the judge is absent from the parish, or that being recused he is unable to give the order, must be annexed to the peti-tion or application."

In the case at bar an affidavit was annex-ed to the petition for the sale of the prop-erty, but no mention was made therein of the absence or recusation of the judge. The petition for the sale, verified by the oath of the executor, represented that the debts of the succession, privileged and ordinary, ag-gregated $1,500 or more.

On the trial of the case, the record of the succession offered in evidence disclosed no affidavit that the judge was absent when the clerk signed the order for the sale of the property. But the absence of the judge from the parish at that time was proved be-yond dispute. The clerk testified that he could not, from his own memory, state whether any affidavit that the judge was absent was presented, but said that he would not have signed the order without the affidavit.

The record shows that all the mortuary proceedings in the succession in the year 1896 from the probate of the will to the sale

of the property were had before the clerk of the court. All parties concerned in the administration of the succession acquiesced in the jurisdiction assumed by the clerk of the court. There is no evidence to rebut the presumption of omnia rite esse acta ex-cept the bare circumstance that no such af-fidavit was found in the record after the lapse of more than ten years.

The presumption of omnia rite esse acta, which attaches to judicial proceedings, is not to be rebutted by the remote presump-tion resulting from evidence that, after the lapse of years, an affidavit or other paper cannot be found. Gibson v. Foster, 2 La. Ann. 503. In Stanbrough v. Scott, 1 Rob. 43, the parish judge issued an injunction without any affidavit of the absence of the district judge as provided by the statute. The court said:

"We may well presume that the parish-judge knew of the absence of the district judge when he granted the order. His absence in point of fact is not denied, and the presumption is that the parish judge in granting the order did not exceed his powers."

In La. State Bank v. Buhler, 22 La. Ann. 84, the court said:

"As it is not made to appear that the par-ish judge did not have before him, at the time he granted the order, the evidence required by the statute, the presumption is that he did his duty."

[3] Under Act 43 of 1882, the power to probate wills and order the sale of succes-sion property is vested in the clerk in case of the absence of the judge from the parish, or his recusation. Section 6 provides that the evidence of such absence or recusation shall be by oath of the party or his attor-ney. Plaintiff contends that the only evi-dence admissible to show the absence of the judge from the parish is the oath which the statute says must be annexed to the pe-tition, and cites the case of Gates v. Gaith-er, 46 La. Ann. 286, 15 South. 50. In that case, the clerk appointed a curator ad hoc

to represent an absentee in a partition suit. The order was not preceded by any affidavit of the absence or recusation of the judge, and the record disclosed that the curator thus appointed neither accepted the appointment nor acted under it by filing an answer, or otherwise. The court stated that the only means of subjecting the property to the power and jurisdiction of the court was by citing the absentee by means of a curator ad hoc, and held that the appointment was a nullity because it was not based on the statutory affidavit. The court said, inter alia:

> "The requirement of the law directing the appointment of curator ad hoc to absentees is jurisdictional, and the manner of its observance is a rule of property." And "there is not the least appearance of this statute having been complied with, and the result is the absolute nullity of the judgment pronounced."

It is not stated in the opinion in that case that proof aliunde was offered to show that the judge was absent from the parish at the time the curator ad hoc was appointed. Moreover, the court laid stress on the fact that the proceeding was against an absentee. In such a case every law must be strictly construed, and the formalities prescribed exactly followed. Hennen's Digest, vol. 1, p. 1. We do not think that the case can be accepted as authority for the broad proposition that, where the judge is in fact absent or recused, every order signed by the clerk without the statutory affidavit is an absolute nullity. It is not the affidavit, but the absence or recusation of the judge, that vests jurisdiction in the clerk to grant orders. The affidavit is prima facie evidence of absence or recusation, but does not exclude all other kinds of evidence. The clerk is in a better position than a party or his attorney to know whether the judge is recused, and is in as good a position to know whether the judge is absent from the parish.

[5] The absence of the affidavit is one of those informalities or irregularities in judicial proceedings which do not affect a bona fide purchaser at a judicial sale, who is not bound to look beyond the decree recognizing its necessity. Succession of Macias, 36 La. Ann. 444; Webb v. Kellar, 39 La. Ann. 67, 1 South. 423; Succession of Theze, 44 La. Ann. 46, 10 South. 412; Thibodaux v. Barrow, 129 La. 395, 56 South. 339. [4] The last case also decides that a failure to furnish a list of the debts of the succession as a basis for an order of sale is cured by the prescription of five years. Why is not a failure to file an affidavit with the petition for sale cured by the same lapse of time?

[7] The decree ordered the sale of certain specific property to pay debts. The lot now in dispute failed to bring two-thirds of its appraisement, and the sheriff at the request of the executor and the attorneys for the succession re-advertised the property, which on the second offering was sold for two-thirds of its appraised value. The decree for the sale was a continuing order, and no new order was necessary. The commission to sell was not limited as to time either by the decree of sale or by the law. Sales of succession property at the instance of succession representatives are governed by the provisions of the Civil Code. Davie v. Scriber, 38 La. Ann. 653.

[6] The allegation that more property was sold than was necessary to pay debts shows no cause for annulling the sale. In Chandler v. Hough, 7 La. Ann. 442, the court said:

> "Bona fide purchasers have nothing to do with the question whether the executor sold more property than was required to pay the debts of the succession. If he did, and the plaintiff was enjoined thereby, his only remedy is against the executor in a proper action."

The succession owed a considerable amount of debts, besides mortgages on the

real estate in the city of New Orleans. The widow and testamentary usufructuary received a portion of the proceeds of sale. The minor's interest was not only residuary but subject to the mother's usufruct. The property had passed into the hands of third persons on the faith of the decree of court, having jurisdiction over the succession. Under the Constitution and laws of this state, that jurisdiction might be exercised by the clerk when the judge was absent from the parish. As a matter of fact, the judge was absent, when the clerk signed the decree of sale. That decree had the same force and effect as if it had been signed by the judge. The failure by the judge or clerk to observe formalities preceding the decree, if it can affect a bona fide purchaser, is curable by the prescription of five years. Civil Code, art. 3543.

Judgment affirmed.