HAWTHORNE, Justice.
 

 In this appeal appellants, the widow and heirs of Guy F. Hicks, are seeking the reversal of a judgment of the lower court which annulled and set aside an administrator’s deed insofar as it purported to convey an undivided eight-ninths of one-half interest in 80 acres of land situated in Union Parish, Louisiana, described as W% of SW^, Section 3, Township 21 North, Range 1 West, and which recognized as, the
 
 *293
 
 true and lawful owners. of such interest eight of the nine children (or their representatives) born of the marriáge between Mrs. Della Hughes and John W. Hughes, Sr.
 

 This suit was filed by the appellants as an action in jactitation but was converted into a petitory action by the heirs of Mrs. Della Hughes. There were certain interventions filed which were disposed of by the judgment of the lower court, but these intervenors have not appealed, and the judgment as to them is therefore final. The claim of the representatives of Ed Hughes, one of the children of John and Della Hughes, was dismissed, but they have not appealed, and the judgment as to them is likewise final.
 

 The property involved in this dispute was acquired by John W. Hughes, Sr., during his marriage with Mrs. Della Hughes and fell into the community of acquets and gains which existed between them. Mrs. Della Hughes died in January, 1915, survived by her husband and nine children. Thereafter John Hughes, Sr., the surviving spouse, sold an undivided one-half interest in the property to.his son, Ed H. Hughes.
 

 John W. Hughes, Sr., died in 1923. His succession was opened in 1924, and his son Ed H. Hughes qualified as 'administrator. Although he had already acquired his father’s-interest by private deed, Ed Hughes became the purchaser of the same undivided one-half interest in the property at an administrator’s sale to pay the debts of this: succession in June of 1924. He thereafter filed a final ccount showing that after the payment of all debts of the succession there was a residue to be distributed among the heirs.
 

 In 1925, after the filing of that final account and more than 10 years after the death of Mrs. Della Hughes, Ed H. Hughes filed a petition in the district court alleging that his mother had died more than 10 years before, and that debts were due which made an administration of her estate necessary, and praying that he be appointed administrator. Petitioner was appointed administrator, and as administrator he petitioned for sale of her one-half interest in the property, alleging that there were debts due by decedent’s estate. The order to sell the property was signed by the clerk of court of Union Parish on October 24, 1925.
 

 On November 24, 1925, Ed Hughes sold to Guy F. Hicks the undivided one-half interest in the property which had belonged to his father. Pursuant to the order signed by the clerk of court in the-succession of Mrs. Della Hughes, Ed Hughes as administrator sold to Guy F. Hicks at administrator’s sale on January 9, 1926, the other one-half interest in the property which belonged to the succession of his mother. Guy F. Hicks immediately went into possession of the property, and he or his heirs and his surviving spouse have possessed it ever since.
 

 The heirs of Mrs. Della Hughes urge the nullity of the judicial sale in which her one-half interest in the property was sold by her
 
 *295
 
 son Ed H. Hughes as administrator to Guy F. Hicks, on the ground that the order of sale granted and signed by the clerk of court was null and void because the application of the administrator for the sale of the property was not accompanied by a statement of the debts of the succession as provided in Act 204 of 1924. Other grounds of nullity are urged by the Hughes heirs which we do not need to consider because of the conclusion that we have reached herein.
 

 It is not disputed that in 1926, when the one-half interest of Mrs. Della Hughes was sold at succession sale by the administrator, immovable property of a succession could be sold only for the purpose of paying debts of the succession.
 

 Act 204 of 1924, Section 1, granted to the clerks of the district courts throughout the state, the Parish of Orleans excepted, certain specified powers ordinarily exercised by judges. Some of these powers were given without limitation, such as those to grant orders for a writ of arrest or attachment, appoint tutors, etc. In addition to the powers thus granted, it provided:
 

 “ * * * They shall
 
 also
 
 have power * * * to grant orders for the sale of succession property upon application of the administrator, tutor or curator;
 
 provided,
 
 the application be accompanied by a statement of the debts of the succession.” (All italics ours.)
 

 The power to grant an order for the sale of succession property, therefore, was conditioned upon the application for such sale being accompanied by a statement of the debts of the succession, and of all the powers granted in this section this was the only one that was based upon a condition. Preventing succession property from being sold when there were no debts was a matter of such importance that the Legislature limited the power of the clerk to grant such orders of sale and did not leave within the clerk’s discretion the determination of the propriety or necessity of such sales. The obvious purpose of this limitation of the clerk’s power was to protect heirs against having their property illegally sold.
 

 According to the record in the succession of Mrs. Della Hughes, the application of Ed Hughes, the administrator, to sell the property was not accompanied by a statement of the debts of her succession, as provided for in this act, and this defect, as hereafter shown, made the order of sale absolutely null.
 

 It is uniformly held that clerks of court have no judicial authority except by constitutional or legislative provisions. See 10’ Am.Jur., Clerks of Court, sec. 16, p. 951. To insure that they would exercise no judicial power the Constitution of 1868, Article 133, provided: “No- judicial powers shall be exercised by clerks of courts.” This absolute prohibition was modified in subsequent Constitutions, and the Constitution of 1921, Article 7, Section 66, gave to the Legislature the
 
 power
 
 “to vest in clerks of court authority to grant such orders and to do
 
 *297
 
 such acts as may be deemed necessary for the furtherance of the administration of justice; and in all cases the
 
 powers
 
 thus vested shall be specified and determined”.
 

 Pursuant to this provision of the Constitution of 1921, the Legislature adopted Act 204 of 1924, whch, as heretofore pointed out, granted, among other things, the power to clerks to issue orders for the sale of succession property upon application of the administrator; but the power thus vested to grant such judicial orders was specified and determined with exactness to exist only if the application was accompanied by a statement of the debts of the succession.
 

 In 50 C.J., verbo “Provided”, p. 831, it is stated: “In a statute ‘provided’ may mean ‘on’ or ‘upon condition’. It is said to be a rule, sustained substantially by all the authorities, that the usual office of the word ‘provided’ in a statute is to create a condition or to restrain the enacting clause, to except something which would otherwise be in it, or in some manner modify it. * * *
 
 ”
 

 Ordinarily the word “provided” introduces a condition or exception and is often synonymous with “if”. The word as used in the statute here under examination creates a condition and is intended only in the sense of “if”. The statute thus gives the clerk of court power to grant an order for the sale of succession property upon application of the administrator
 
 if
 
 the application be accompanied by a statement of the debts of the succession.
 

 This same interpretation of the word “provided” was given in the 1950 revision of the statute, which provides that the clerks may “grant orders for the sale of succession property upon application of the administrator, tutor or curator;
 
 if
 
 the application be accompanied by a statement of the debts of the succession”. LSA-R.S. 13:901.
 

 We therefore conclude that the clerk did not have the power under the statute to order the sale of succession property unless a statement of debts accompanied the application.
 

 Under Article
 
 76
 
 of the Code of Practice, “Jurisdiction means the
 
 power of him who has t}ie right of judging,
 
 or sometimes that word means also the space or extent of country over which the judge is entitled to exercise that power.”
 

 Since the application for the sale was not accompanied by a statement of the debts of the succession, the clerk was incompetent, without
 
 power,
 
 and consequently without jurisdiction to order the sale of the property, because that was a condition upon which the jurisdiction of the clerk depended. For these reasons we have concluded that the order of sale signed by the clerk of court in the instant case was an absolute nullity as one granted without jurisdiction or authority, and that the sale made pursuant thereto was therefore likewise an absolute nullity.
 

 Appellants contend that, since the statement of debts which the act required
 
 *299
 
 was not found in the succession proceedings of Mrs. Della Hughes after many years had elapsed since the opening of her succession, we should apply the presumption of omnia rite esse acta which attaches to judicial proceedings and means that all things are presumed to have been done correctly, and hold that the statement is presumed, to have been attached as required and that the order granted by the clerk was therefore valid.
 

 This presumption would undoubtedly resolve the issue in favor of the validity of. the order if the record presented nothing more serious than the fact that such a statement was not found or contained in the succession proceedings. However, in this case this presumption has been overcome by proof in this record, made by the appellees, that the succession of Mrs. Hughes
 
 owed no debts
 
 whatsoever, and we are convinced that no statement of debts accompanied the administrator’s application to the clerk for the order of sale, for the reason that there were no debts. The final account of the administrator shows conclusively that the succession of Mrs. Hughes owed no debts. Her succession was opened and final account rendered therein after she had been dead more than 10 yeárs, after the succession of her husband had been opened, and after the final account was rendered therein showing a residue to be distributed among his heirs. The final account in her succession listed no debts of it and showed' that the only item's paid from the proceeds of the sale of' her property were the costs: of the administration itself and attorney’s fees.
 

 Appellants also argue that the failure to attach a statement of debts was an informality cured by the prescription of five years under Article 3543 of the LSA-Civil Code, which provided, until its amendment in 1932, that all informalities connected with, or growing out of, any public sale made by any person authorized to sell at public auction would be prescribed against by those claiming under such sale after the lapse of five years, and they cite in support of this argument Thibodaux v. Barrow, 129 La. 395, 56 So. 339, and Hibernia Bank & Trust Co. v. Whitney, 130 La. 817, 58 So. 583, 586.
 

 The Hibernia Bank case was decided in 1912, and the statute under consideration in that case was Act 43 of 1882. That act provided in Section 4 that in the absence of the judge from the parish or in case'of his recusation the clerk of court should have power to grant certain orders, as. enumerated therein. This section further provided that the clerk should also have power to grant orders for the sale of succession property upon the application of' the administrator or curater, provided the application was accompanied by a statement' of the debts of the succession. In Section-6 it was provided that, in all cases in which the clerk was empowered by the' act tO‘ grant orders in the absence of the judge from the parish or in case of his recusation,, the oath of the party or of his attorney
 
 *301
 
 that the judge was absent from the parish, or that being recused he was unable to give the order, had to be annexed to the petition or application. Under this act the power of the clerk to grant an order for the sale of succession property was dependent, first, upon the absence of the judge from the parish or his recusation, and, second, as in the 1924 statute, upon the application of the administrator being accompanied by a statement of the debts of the succession.
 

 In that case the order of sale had been granted by the clerk of court, and certain real property sold pursuant thereto. Appellants contended that the judicial sale made under this order was null and void because, among other reasons, (1) there was no affidavit attached to the petition for sale showing that the district judge was absent from the parish at the time the clerk of court granted the order of sale, and (2) there was no list or statement of debts due by the succession filed with the petition for sale.
 

 With reference to the first contention the court pointed out that “ * * * It is not the affidavit [showing the absence of the judge from the parish], but the absence or recusation of the judge, that vests jurisdiction ' in the clerk to grant orders. * * * ” The court concluded that the absence of such affidavit was -one of those informalities or irregularities in judicial proceedings which do not affect a -bona fide purchaser at a judicial sale who -is .not bound to look beyond the decree recognizing its necessity, and that the absence of such an affidavit was an informality cured by the prescription of five .years.
 

 We fully agree with this conclusion. As pointed out by the court, the informality or irregularity of the absence of the affidavit showing that the judge was absent from the" parish in no way affected the clerk’s jurisdiction, for it was the absence of the judge that vested jurisdiction in the clerk of court to grant the order.
 

 Although the second contention in that case was given but slight consideration, the court’s decision can be construed only as holding that the failure to furnish a list of debts of the succession as a basis for the order of sale granted by the clerk of court was also cured by the prescription of five years, and the court cited in support of this holding the case of Thibodaux v. Barrow, supra. With this holding we cannot agree, and the Thibodaux case is not authority for such holding.
 

 In the Thibodaux case the administrator petitioned the district-judge for an order to sell the property of’ the succession to pay debts, and the' district judge so ordered. The judicial sale held pursuant to such order was attacked as being void because, among other things, no list of the debts of the succession was furnished as a foundation for the order of sale.' This court held regarding this ground of nullity that, even ":if 'it had been originally meritorious, it was cured by the prescription of five years un’.der the .provisions ,of Article 3.543. of- the
 
 *303
 
 LSA-Civil Code. In that case, however, the order was signed by the judge, and his jurisdiction or power to issue it was not dependent upon a statement of debts due by the succession. That such ruling was not to apply to an order signed by the clerk was made manifestly clear by this court in that opinion, for it stated:
 

 “True, no list of these debts had been filed, but the filing of a list of the debts for the payment of which succession property is to be ordered to be sold is required by law only in case the order for the sale of the property is to be made by the clerk, or his chief deputy, whereas the order in question in this case was made by the judge himself.” [129 La. 395, 56 So. 342]
 

 As we have hereinabove pointed out, our conclusion in the present case is that in the absence of a statement of the debts of the succession the clerk of court was without jurisdiction to grant an order for the sale of the succession property upon the application of the administrator, and, the clerk being without jurisdiction, such an order was an absolute nullity not cured by the prescription of five years. Consequently it is necessary to overrule the Hibernia Bank case insofar as it held that the failure to furnish a list of such debts as a basis for an order of sale made by the clerk was an informality cured by the prescription of five years.
 

 Appellants have cited and called to our attention numerous authorities to the effect that a purchaser at a judicial sale of succession property made at public auction under an order of á judge having jurisdiction is not bound to look beyond such decree in order to ascertain its necessity. Since we have concluded that the clerk of court was without jurisdiction to grant the order in the instant case, the authorities cited are not pertinent and have no application here.
 

 Appellants also plead the prescription of 10 years acquirendi causa. The sale of the one-half interest in the property belonging to Mrs. Della Hughes was an absolute nullity, and a title which is an absolute nullity cannot be a just title and cannot serve as the basis of the 10-year acquisitive prescription. Article 3483 of the LSA-Civil Code announces that, “To be able to acquire by the species of prescription mentioned in this paragraph,
 
 a legal and transferable title of ownership
 
 in the possessor is necessary; this is what is called in law a just title.”
 

 In Buillard v. Davis, 185 La. 255, 169 So.
 
 78,
 
 this court decided that a judicial sale of succession property where the court was without jurisdiction was an absolute nullity, was not a legal and transferable title of ownership, and could not be the basis of acquisitive prescription. See also McCluskey v. Webb, 4 Rob. 201.
 

 Last, appellants argue that the Hughes heirs, by long silence and acquiescence, are estopped from asserting title. It is well settled in our jurisprudence that mere silence and delay cannot cause a loss
 

 
 *305
 
 of title to property except by the effect of the laws of prescription. Juneau v. Laborde, 219 La. 921, 54 So.2d 325, and authorities therein cited. Consequently there is no merit in this plea.
 

 The district judge, after trial of the merits, concluded that Guy F. Hicks, the purchaser at the succession sale, had not acquired valid title because he was in legal bad faith, and accordingly rendered judgment for the Hughes heirs. Although we are affirming the judgment on another ground, we might observe that, after reading th'e record, we are in full accord with his finding of such bad faith.
 

 After the appeal was lodged in this court, Mrs. Ella V. Brooks, one of the appellees, died, and on motion her heirs or representatives have been made parties to this appeal by order of the court.
 

 For the reasons assigned, the judgment appealed from is affirmed, appellants to pay all costs.