CULPEPPER, Judge
(dissenting from the denial of an application for rehearing).
I am now persuaded this case is controlled by the rule that a title which is an *92 absolute nullity cannot constitute “just title” for purposes of the acquisitive prescription of ten years.
In our original opinion we correctly concluded that the 1941 tax sale, which is the foundation of Wilkie’s title, is an absolute nullity. It is in contravention of LSA-R.S. 47:1955, which provides that property, unredeemed from a prior tax adjudication to the state, shall not again be sold while the property remains in a condition of forfeiture to the state. We held that such an absolutely null tax sale was not cured by the peremptive period of five years provided in Article 10, Section 11 of the Louisiana Constitution.
However, we then proceeded to hold that the 1941 tax sale, although an absolute nullity, did constitute “just title” for purposes of the acquisitive prescription of ten years, under LSA-C.C. Article 3478.
Not one of the cases cited in support of this holding (see our original opinion) involved an absolute nullity. They concerned dual assessments, which in my view are relative nullities. Absolute nullities are those which are in derogation of public order and good morals, are never susceptible of ratification and cannot be prescribed. Relative nullities are those established for the interests of individuals. These are susceptible of ratification and may be prescribed against. See Nelson v. Walker, 250. La. 545, 197 So.2d 619 (1967). The sale of property which belongs to the state is in derogation of public order and is an absolute nullity. The sale property under a dual assessment is merely in derogation of a law for the protection of the interests of individuals and hence is a relative nullity. On this basis, the cases cited in our original opinion are distinguishable.
Planiol, Civil Law Treatise, An English Translation by the Louisiana State Law Institute, Volume 1, Section 2662 expresses the view that a title which is an absolute nullity cannot be considered just title for purposes of prescription. Whereas, titles which are “merely annullable” can constitute just title. An example given by Planiol is a title tainted with “substitution”, which is an absolute nullity because rigorously prohibited by our law. The author of the comment, Just Title In The Prescription of Immovables, 15 T.L.R. 436, at 442, also reaches the conclusion that absolute nullities, which are in derogation of public order, should never constitute just title.
Louisiana jurisprudence supports this view. In Hicks v. Hughes, 223 La. 290, 65 So.2d 603 (1953) a clerk of court granted an order for the sale of succession property where the administrator had not complied with the statute that a request for such an order of sale be accompanied by a statement of the debts of the succession. The court held that the clerk of court had no jurisdiction to issue the order of sale; that the sale was an absolute nullity and could not be the basis of the acquisitive prescription of ten years.
Bulliard v. Davis, 185 La. 255, 169 So. 78 (1936) also involved a succession sale, which was an absolute nullity because the court was without jurisdiction of the res. The court held that such a sale could not form the basis of the prescription of ten years acquirendi causa.
In Boudreaux v. Olin Industries, 232 La. 405, 94 So.2d 417 (1957), our Supreme Court recognized the rule of Hicks v. Hughes, supra, that “an absolutely null deed cannot form the basis for the acquisitive prescription of ten years” but then distinguished the Hicks case on the facts.
In my view, judgment should be rendered for defendants appellants.
For the reasons stated, I respectfully dissent from the denial of an application for rehearing.