STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-0289


WILBERT RIDEAU

VERSUS

JAMES R. ANDRUS, CLERK OF COURT


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-5533
HONORABLE DAVID PAINTER, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.


COOKS, J., DISSENTS AND ASSIGNS WRITTEN REASONS.


AFFIRMED.


Julian R. Murray, Jr.
Chehardy, Sherman, Ellis, Breslin & Murray
One Galleria Blvd., Suite 1100
Metairie, LA 70001
(504) 833-5600
Counsel for Plaintiff/Appellant:
    Wilbert Rideau

**Terry James Manuel**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Intervenor/Appellee:**
**Rick Bryant**

**Ronald F. Ware**
**Public Defender's Office**
**P. O. Box 3757**
**Lake Charles, LA 70602-0000**
**(337) 436-1718**
**Counsel for Plaintiff/Appellant:**
**Wilbert Rideau**

**Evelyn M. Oubre**
**Attorney At Law**
**522 Clarence Street**
**Lake Charles, LA 70601**
**(337) 436-0337**
**Counsel for Defendant/Appellee:**
**James R. Andrus, Clerk**

**George H. Kendall**
**NAACP Legal Def. & Ed Fund, Inc.**
**99 Hudson Street -16th Floor**
**New York, NY 10013**
**(212) 965-2200**
**Counsel for Plaintiff/Appellant:**
**Wilbert Rideau**

**SAUNDERS, J.**

Appellant, Wilbert Rideau, seeks mandamus review to enforce the September 9, 2002 allotment of his recusal motion to Judge Alcide Gray. We affirm the trial court's denial of Mr. Rideau's mandamus request.

**FACTS**

This mandamus action arises ancillary to criminal proceedings against Mr. Rideau. On September 6, 2002, Mr. Rideau filed a Motion to Recuse Judge Patricia Minaldi in the pending criminal proceedings. In that motion Mr. Rideau alleged several grounds for the trial judge's removal.

In a hearing on September 9, 2002, Judge Minaldi asked Mr. Rideau's counsel questions concerning the alleged grounds for recusal presented in the motion which counsel apparently refused to answer. Judge Minaldi refused to recuse herself and granted the State thirty days to file a reply to Mr. Rideau's Motion to Recuse. She stated that she would refer the matter if and when the State filed its opposition motion.

Following the hearing the Deputy Clerk of Court signed the Motion of Allotment and arranged to have the Clerk of Court assign the recusal motion and related matters to another judge. On September 9, 2002, the Clerk of Court randomly allotted the motions and Judge Alcide J. Gray was designated as the judge to preside over the recusal hearing.

Following the allotment, and upon learning that the matter had already been referred, Judge Minaldi indicated that her referral order was contingent upon the State filing a reply to Mr. Rideau's Motion to Recuse. After a review of the September 9, 2002 hearing transcript the Clerk of Court concluded that the September 9, 2002 allotment was premature and, therefore, not valid.

On September 11, 2002, Mr. Rideau file a motion seeking to enforce the

September 9, 2002 allotment designating Judge Gray as the judge for the recusal hearing. Neither Chief Judge Fred R. Godwin nor Judge Gray would authorize the filing of the motion; however, on September 12, 2002, Chief Judge Godwin filed an order denying Mr. Rideau's motion to enforce the allotment.

On September 24, 2002, the State filed its reply to Mr. Rideau's Motion to Recuse Judge Minaldi in district court. Upon receipt of the State's reply, Judge Minaldi ordered a referral of the recusal motion and related motions. On September 25, 2002, the Clerk of Court once again allotted the recusal matter for assignment and it was assigned to another judge. This time the matter was assigned to Judge Kenneth Savoie.

Judge Savoie scheduled two separate hearings – one on October 8, 2002, to consider the three motions related to the recusal, and one on October 18, 2002, to consider the recusal motion. Mr. Rideau applied to this court for writs on the revocation of the original allotment. The lower court hearings were stayed in order to consider Mr. Rideau's appeal of the Clerk of Court's revocation of the original allotment. This court held that the question presented for review – whether the Clerk of Court possessed the authority to withdraw the September 9, 2002 allotment – was not properly before the court. We held that the review of the Clerk of Court's power must be presented as a separate mandamus action. Mr. Rideau instituted a mandamus action in the district court against the Clerk of Court, challenging his withdrawal of the original allotment. The matter was heard by Judge David Painter, who denied the mandamus request for relief and issued written reasons for his decision.

## DISCUSSION

The sole issue presented in this mandamus action is whether the deputy clerk of court should have recalled the assignment of the motion to recuse from Jude Gray.

2

Louisiana Code of Civil Procedure article 3861 provides: "Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864." In *Felix v. St. Paul Fire & Marine Insurance Co.*, 477 So.2d 676, 682 (La.1985), the supreme court stated: "It is well settled that mandamus will lie to compel performance of prescribed duties that are purely ministerial and in which no element of discretion is left to the public officer. There must be a clear and specific legal duty which ought to and can be performed. *State ex rel. Hutton v. City of Baton Rouge*, 217 La. 857, 47 So.2d 665 (1950); *Blanchard v. Brown*, 388 So.2d 865 (La.App. 1st Cir.), *writ denied*, 386 So.2d 919 (La.1980)."

*Jurisdiction of the Clerk of Court*

The jurisdiction of Clerks of Court has been thoroughly discussed by the Louisiana Supreme Court in the case of *Hicks v. Hughes*, 223 La. 290, 65 So.2d 603 (La.1953). In *Hicks*, the Clerk of Court granted an application for an order for the sale of succession property pursuant to his authority under Act 204 of 1924, of the Constitution of 1921. The court recognized that Act 204 stated that the Clerk of Court "shall *also* have power . . . to grant orders for the sale of the succession property upon application of the administrator, tutor or curator; *provided*, the application be accompanied by a statement of the debts of succession." *Id*. at 605.

> Since the application for the sale was not accompanied by a statement of the debts of the succession, the clerk was incompetent, without *power*, and consequently without jurisdiction to order the sale of the property, because that was a condition upon which the jurisdiction of the clerk depended. For these reasons we have concluded that the order of sale signed by the clerk of court in the instant case was an absolute nullity as one granted without jurisdiction or authority, and that the sale made pursuant thereto was therefore likewise an absolute nullity.

3

*Id.* at 606.

In *Kelone v. Kelone*, 209 So.2d 803, 805 (La.App. 3 Cir. 1968), this court held that, although Clerks and Deputy Clerks of district courts possess certain administrative power which enables them to sign certain orders, there was no authorization for the Deputy Clerk of Court to sign a temporary restraining order. Therefore, the court held that the temporary restraining order signed by the Deputy Clerk of Court did not bear any legal efficacy.

We note that the manner in which the appellant framed the issue on appeal somewhat misstates the actual issue. The Clerk of Court did not actually recall a valid assignment, as the appellant indicates. Judge Minaldi had not yet directed the Clerk of Court to assign the case for allotment. As Judge Minaldi had not yet referred the matter, the allotment of another judge to hear the recusal motion was premature. The Clerk of Court lacked the authority to carry out the allotment, and, therefore, the original allotment was null and void.

It is the position of the Clerk of Court and the State that the assignment of the recusal matter to Judge Gray was, therefore, a complete nullity, void of any authority. We agree. For the reasons stated below, we find that the initial allotment was, as argued by the State and Mr. Andrus, a nullity and without legal effect. The allotment did not need to be recalled, as it never legally existed. Therefore, there was no error in the Clerk of Court performing a new allotment on September 24, 2002, after Judge Minaldi ordered the referral of the recusal matter to another judge for consideration.

*Motion to Recuse*

The Louisiana Code of Criminal Procedure provides the grounds and procedure for recusal of judges in criminal matters. Articles 674 and 675 provide in pertinent

4

part:

**Art. 674. Procedure for recusation of trial judge**
     A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675.

**Art. 675. Selection of judge ad hoc to try motion to recuse**
     B. In a court having more than two judges, the motion to recuse shall be referred to another judge of the court through a random process as provided by the rules of court.

Mr. Rideau alleges that once the motion to recuse was filed, Judge Minaldi's only possible courses of action were to recuse herself or refer the matter to another judge in the court. Mr. Rideau argues that she lacked the ability to condition the referral of the recusal matter on the filing of a reply by the State. Mr. Rideau's position, however, fails to recognize that the trial judge has the ability to review the allegations for sufficiency before deciding to recuse or refer. In *State v. Bennett*, 341 So.2d 847, 858-59 (La.1976), the supreme court discussed the procedure where a motion to recuse has been filed as follows:

C.Cr.P. 674 provides that 'if a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc . . .' (Emphasis added). Therefore, the judge to whom the motion relates must answer the threshold question of whether the motion states valid grounds and need not refer the motion to another judge if the motion presents mere conclusions of the defendant. *State v. Collins*, 288 So.2d 602 (La.1974).

It is well settled in Louisiana law that, on a motion to recuse, the trial judge evaluates the motion to determine if sufficient grounds for recusal have been stated. As the citations above illustrate, it is within the trial judge's discretion to refuse to refer or recuse where she finds there are insufficient grounds for recusal stated in the

5

motion. Judge Minaldi was within her pervue to request all necessary information to assist her in determining whether the matter needed to be referred.

Defense counsel points to statements made in the hearing by Judge Minaldi wherein she indicates that she will be referring the motion to another judge. We find those statements are were made by Judge Minaldi under the assumption that the State would file a motion to oppose the recusal. "They will – that judge, I assume, that's – I'm assuming you're going to file your written opposition." The implication in this statement is that, were the State to support the Motion to Recuse and a clear and valid ground for her recusal were presented, then Judge Minaldi would possibly recuse herself; however, if the State opposed she would refer. That appears to be the reasoning behind withholding her decision until the State's motion was filed. Judge Minaldi indicated that, without further clarification by the defense counsel, she could not recuse herself.

The trial transcript clearly shows that Judge Minaldi had reservations as to the sufficiency of the allegations raised by Mr. Rideau in his motion to recuse. It additionally shows that Mr. Rideau's attorneys were reluctant to answer Judge Minaldi's questions in her attempts to clarify what the specific grounds for recusal were. Judge Minaldi made it clear that she would not recuse herself based on the allegations presented in the motion without further clarification of the arguments. She then granted the State thirty days to issue a reply to Mr. Rideau's motion. We find no error in Judge Minaldi allowing the State thirty days to file its reply to the motion prior to her rendering her decision to refer the recusal matter to another judge. It is clear that Judge Minaldi was unconvinced that there were valid grounds for recusal stated in the Motion filed by Mr. Rideau. Therefore, she committed no error in allowing the State to file their motion before she referred the recusal matter to another

6

judge.

Judge Painter noted in his reasons for judgement that under La.Code Crim.P. art. 674, the process of allotment is initiated when the judge who is the subject of a motion refers it for hearing. Judge Painter held that it was clear from the hearing transcript that Judge Minaldi did not intend that the recusal motion be referred to another judge until the District Attorney's Office had an opportunity to respond to Mr. Rideau's motion. For the reasons stated above, we affirm the judgment of the trial court.

**AFFIRMED.**

7

WILBERT RIDEAU

VERSUS

JAMES R. ANDRUS, CLERK OF COURT

**********************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-5533
HONORABLE DAVID PAINTER, DISTRICT JUDGE

**********************

**COOKS, J. DISSENTING:**

I have read the entire transcript of the hearing on the motion to recuse and Judge Godwin's Per Curiam. Although I do not question Judge Godwin's recitation of the events leading up and following the allotment of this matter to Judge Alcide Gray, his decision to call the District Attorney and to speak with him concerning the allotment *ex parte* and then to act on the District Attorney's representation by contacting Judge Minaldi without providing any opportunity for the defense to participant in the exchanges creates an appearance of impropriety which we "all" have an ethical obligation to avoid.

Even more troubling is Judge Minaldi's "after the fact" expression of her alleged "prior intent" to await a written response from the District Attorney's office before deciding whether to recuse herself or refer the matter to another judge for hearing. The transcript which memorialized her "intent" at the time the matter was heard and before Judge Alcide Gray was allotted the case, contain "plain words" which leave no doubt that she intended at that time to refer the matter to another judge and her own minute clerk, who worked with her daily, was not mistaken in understanding what she meant. Judge Minaldi said:

I am not in a position to recuse myself because I have been unable to get sufficient clarification of some of what I think are the major and most important allegations in this motion. So, without being able to get clarification, I decline to recuse myself. You know, Obviously anybody can put anything they want to in this motion, whether it's true or not, but I have to look at the fact that whether or not it could potentially establish grounds for recusal; and although I, without hesitation, say that there are things that are in this motion that are untrue and inaccurate, because they might establish grounds for recusal, even though I do not see that without the clarification that I have asked for, ***I will refer it out to another judge***, and judge will make all the decisions regarding the conduct of the Motion to Recuse. That is not my bailiwick at this point. They will–that judge, I assume, that's—I'm assuming you're going to file your written opposition. That judge will decide whether the State proceeds to represent itself or if some other entity comes in, and I'm making absolutely no pronouncement on whether I think that is appropriate or not, Mr. Kimball, and that Judge will determine whether discovery is appropriate in a case like this.

(Emphasis added).

Judge Minaldi's intent to "refer it [the motion] out to another judge" is clear. And, the record clearly indicates she assumed the State was "going to file...written opposition," and that matter as well would be decided by another judge together with the defense's pending motion to recuse the District Attorney.

The record convinces me that the matter was properly allotted to Judge Alcide Gray and the Clerk was without legal authority to revoke the allotment based on his "after the fact" interpretation of Judge Minaldi's intent.